Argued July 3, affirmed as modified August 14, 1962

## McCRAW v. McCRAW

373 P. 2d 667

*Burton H. Bennett,* Portland, argued the cause for appellant. With him on the brief were Anderson, Franklin, Jones & Olsen, Portland.

No appearance for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

PER CURIAM.

The plaintiff, Charity McCraw, seeks a divorce from the defendant and an interest in certain real property owned by him. The defendant answered with a cross-complaint, praying for a decree in his favor. From a decree awarding plaintiff a divorce and an undivided half interest in the home place owned by her spouse, the defendant appeals. No brief was filed in behalf of plaintiff.

The parties were married on October 18, 1958, a year after having resided together. Plaintiff filed her complaint on April 19, 1961, approximately eighteen months after the marriage. No children were born as issue of the marriage. Mrs. McCraw had been previously married in Louisiana and divorced. She brought with her to the West a daughter, the child of the earlier union, 11 years old at the time of the trial, who made her home with the parties.

■ Defendant charges that there was a lack of evidence of cruel and inhuman treatment to support a decree of divorce in favor of plaintiff. We confess it presents a close question. But after a careful review of the record it is sufficient to say there is enough, meager as it is, to justify the court's dissolution of the marriage and even though the plaintiff completely failed to adduce satisfactory evidence of most of the charges which she alleged in her complaint against the defendant. Because of what we hereinafter say concerning the disposition of the real property, we observe that the grounds alleged did not charge the defendant with any acts of violence causing plaintiff physical injury

or too serious departures from standards of marital rectitude.

The defendant emphasizes what he conceives to be an inequitable and unjustified disposition of his real property. It was their place of residence during the marriage of the parties and had been long prior thereto the home of the defendant and his deceased wife. It is the only real property owned by Mr. McCraw.

In 1947 the defendant acquired the three lots upon which the house is situated for $600 and in the same year constructed a dwelling costing $5,000. This he did with the aid of a mortgage loan which was fully paid at the time of his marriage to the plaintiff. A short time prior to this marriage, he again mortgaged the property for approximately $1,800 for the purpose of financing the purchase of an automobile and a balance was unpaid on that account when the parties were married. The record clearly shows that during the short period of this union, Mr. McCraw drew on his own funds to reroof the building and from the same source regularly liquidated all amounts due on the last mortgage.

The plaintiff brought no money or other property to the marriage. In her complaint she claims a right to an undefined interest in his residence, "* * * by reason of her contributions to the payment of that encumbrance." Plaintiff failed to produce any evidence of contribution to support this allegation as a justification for any interest therein. Plaintiff did, however, pay from her own funds $16 for paint and $42 for paper, presumably wallpaper, which was used in the home. This money was derived from her services as an occasional employe in a local rest home for the aged. We take these amounts into account in the provision we later direct.

■ This court cannot in good conscience reward plaintiff as generously as did the trial court. We feel that the short time of the marriage, the failure of plaintiff to prove the grounds upon which she rests her claim of interest in the real property, and other circumstances present here, when considered together, do not justify vesting plaintiff with any interest therein and that in lieu thereof, plaintiff have a judgment against defendant for $500.

The decree of the circuit court is affirmed except as modified. Each party to bear his own costs.