Argued and submitted April 8,
affirmed as modified May 20, 1980

In the Matter of the Marriage of

LEMKE,
*Petitioner,*
*and*
LEMKE,
*Respondent.*

(TC 78-2967, CA 14997, SC 26772)

611 P2d 295

John M. Biggs, Eugene, argued the cause and filed the brief for petitioner.

E. Scott Lawlor, Eugene, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Howell, Lent, Peterson and Tanzer, Justices.

TANZER, J.

### TANZER, J.

The husband appeals from those provisions of a decree of dissolution awarding to the wife $70 per month permanent spousal support and a judgment of $10,500. We granted review to consider the appropriateness of such an award where the dissolution is preceded by a long period of separation.

The parties were married in 1950, had seven children and separated in 1958, dividing their scant property between them. The wife raised the children, supporting herself and the family with public assistance, employment for a minimum wage and child support payments. The husband has paid support as ordered in welfare recovery proceedings of $21 and then $40 per month for all the children.

The wife has a ninth grade education. She has worked at least since 1971 in factory jobs for minimum wages. At the time of trial she earned $107 per week take-home pay. She has accumulated no assets and has no net worth.

The husband has had a succession of laboring jobs and unsuccessful small businesses. He and the woman with whom he has lived since 1960 have acquired and sold property together and have accumulated a net worth of $14,400, by husband's evaluation, or $22,300 by wife's evaluation. Husband earned $15,000 gross income in 1978, augmented by $3,000 from a hog business run primarily by the woman with whom he lives. At the time of trial he received $675 monthly take-home pay. He supports one child by his present union.

■ Awards of alimony and divisions of the marital state are discretionary acts of the domestic relations court. Discretion, however, is not absolute or unfettered. Its exercise must be in accordance with legal principles and may be reviewed on appeal for conformity to such principles.

■ The statute providing for division of marital assets is general, but, as we observed in *Grove and Grove,* 280 Or 341, 346, 571 P2d 477, *reh den* 280 Or 769, 572 P2d 1320 (1977), it "indicates a legislative intent that the homemaker spouse * * * be recognized as an economic contributor to the marriage rather than as a passive recipient of economic benefits provided by the breadwinner." ORS 107.105(1)(e) provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall view the contribution of a spouse as a homemaker in the contribution of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage. * * *"

■■ Here, the fact that the parties have led separate lives for 20 years rebuts the presumption of equal contribution to the marital estate. We conclude that it is "just and proper" within the policy of the statute that a spouse who acquires property during an extended period of mutual financial independence preceding a dissolution is to be allowed to retain that property.

■■ ORS 107.105(1)(c) lists unvalued factors for the court to consider in determining how much support, if any, is "just and equitable" for one spouse to pay to the other. In *Grove and Grove* we recognized that economic self-sufficiency of each spouse is to be the objective of a spousal support order pursuant to the statute. Thus, a spousal support order must recognize the effect of the marriage upon the capability of a spouse for economic self-sufficiency. We summarized the objectives of such an order:

"What the courts must attempt, then, is to award spousal support, if it is appropriate, on terms that are

equitable between the parties that take into account need and ability to pay and that further the goal of ending the support-dependency relationship within a resonable time if that can be accomplished without injustice or undue hardship." 280 Or at 353.

Here there is no indication and no reason to infer that the wife's earning capacity was adversely affected by the marriage. During the 20 years of separate living she supported herself without the assistance of the husband and theirs has not been a support-dependency relationship. In such circumstances, there is no purpose to be served by requiring spousal support.

■■ It can be argued that it is appropriate to take into account the wife's contribution to the marriage by raising the children with only token financial assistance by the husband. There are timely remedies available, however, for the enforcement of a parent's obligation to support his or her children. Spousal support and property division should not be regarded as a delayed compensation for the inadequacy of or failure to avail oneself of procedures to enforce greater contemporaneous child support. Property division and spousal support should be determined on their own merits at the time of the dissolution. Accordingly, we conclude that the provisions of the decree awarding property and spousal support in this case were unwarranted and should be stricken.

Affirmed as modified. No costs to either party.