Argued and submitted May 4, affirmed as modified November 23, 1982

In the Matter of the Marriage of

PIERSON,
*Respondent on review,*
*and*
PIERSON,
*Petitioner on review.*

(CA A22023, SC 28418)

653 P2d 1258

William C. Crothers, Jr., of Crothers & Crandall, Salem, argued the cause and filed the petition for petitioner on review.

Mark L. B. Wheeler, Salem, argued the cause and filed a response to the petition for respondent on review.

TANZER, J.

Peterson, J., filed a dissenting opinion in which Campbell, J., joins.

## TANZER, J.

We allowed review in this dissolution of marriage case to consider the disposition of property inherited by a spouse near the end of the marriage.

This dissolution ends a 24-year marriage. The parties are in their early forties. Wife earns $30,000 per year as a public administrator; husband earns $20,000 as a teacher. Their children are grown. Neither party seeks support. The parties have divided their personal property. They have agreed to bear their own attorney fees. The sole task of the court is to equitably divide four items of real property.

The parties bought their family home and accompanying acreage in the 1960's. Two years before this proceeding, wife moved out and husband remained. It now has a value of $90,000.

When wife moved out, she withdrew the family savings of $13,000, added $3,000 or $4,000 of her own and purchased a house on Kathy Street. This was done with the cooperation of husband. The Kathy Street residence has an equity valued at $24,310.

Wife then purchased a condominium. She moved out of the Kathy Street house and into the condominium. The equity in the condominium is valued at $2,500.

Wife's father died intestate in April, 1975. The parties separated in August, 1978. The father's estate was distributed in April, 1979, one year before the filing of this proceeding in April, 1980. Wife's inheritance is a plot of farm land. Husband evaluates wife's equity in her share of the inheritance at $181,200; wife evaluates it as $131,200. Neither previous court made a specific finding as to its value.

The parties agreed that the Kathy Street house should be sold and the proceeds divided evenly between them. Husband agreed that wife should receive the condominium. The parties disagreed as to the disposition of the property inherited by the wife. The wife contended that she was entitled to an award of one-half of the non-inherited property and that her inheritance should be awarded to her

outside of the property division equation. Husband asserted that the inheritance should be considered as part of the marital assets, one-half of which should be awarded to him.

The trial court awarded the family home to husband, ordered the Kathy Street residence sold and the proceeds divided evenly, and awarded the condominium and the inheritance to the wife. The valuations are reflected in this table:

|  | Husband | Wife |
|---|---|---|
| Family home | $ 90,000 | --- |
| Kathy Street residence | 12,155 | 12,155 |
| Condominium | --- | 2,500 |
| Wife's inherited share of her father's farm | --- | 131,200 - 181,200 |
|  | $102,155 | $145,855 - 195,855 |

The wife appealed, contending that the trial court should have awarded equal shares in the "marital assets," exclusive of her inheritance. The Court of Appeals affirmed without opinion.

Only the property division is in issue. The court is called upon to divide the property in a manner which is "just and proper in all the circumstances," ORS 107.105(1)(e). We extensively discussed our review function over equitable dissolution awards in *Haguewood and Haguewood,* 292 Or 197, 199-204, 638 P2d 1135 (1981), and we do not repeat it here. In summary, we review the exercise of equitable discretion in the property division in an attempt to identify the principles which should guide the court's discretion.

Property division is guided by ORS 107.105(1)(e) which was amended by the legislature effective after the trial of this case and before de novo review on appeal. Because we are reviewing de novo, and absent any suggestion it would be unfair, we shall follow the current version of that statute:

"Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

\* \* \* \* \*

(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held. Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of co-ownership, and a transfer of marital assets pursuant to a decree of annulment or dissolution of marriage or of separation entered on or after October 4, 1977, shall be considered a partitioning of jointly owned property. The court shall require full disclosure of all assets by the parties in arriving at a just property division. In arriving at a just and proper division of property, the court shall consider reasonable costs of sale of assets, taxes and any other costs reasonably anticipated by the parties."

ORS 107.105(1)(e) contains two terms which describe classes of property. The first term appears in the first sentence and describes the entire class of property within the dispositional authority of the court in a dissolution case: "the real or personal property, or both, of either or both of the parties." That term includes the wife's inherited property, even though her interest is individually held, by sole virtue of her ownership at the time of the decree of dissolution. Her inherited property is therefore available for equitable distribution by the court. *See, Dietz and Dietz,* 271 Or 445, 533 P2d 783 (1975). This conclusion, however, says nothing about how the distribution should be made.

The other term, "marital assets," appears later in the statute. It is not further defined, but the reference to "acquisition of property during the marriage" indicates that it includes neither assets brought into the marriage by either spouse nor assets acquired by them after dissolution.

The term "real or personal property, or both, of either or both of the parties" in the first sentence describes a larger class of property than the term "marital assets" because it can include property owned prior to the marriage. The upshot is that property may be subject to the authority of the court to divide property, yet not be a marital asset.

This reading is consistent with the purpose as well as the words of the statute, a subject we discussed in *Engle and Engle,* 293 Or 207, 213-15, 646 P2d 20 (1982).[1] The statute has a twofold purpose. First, the statutory presumption of equal contribution is based upon a legislative recognition that a non-employed, non-earning spouse contributes in other ways to the financial situation of the family and should be given the benefit of that contribution if a property division becomes necessary. As we said in *Grove and Grove,* 280 Or 341, 346, 571 P2d 477, *reh den and modified* 280 Or 769, 572 P2d 1320 (1977), the statute "indicates a legislative intent that the homemaker spouse who is most likely to seek spousal support, be recognized as an economic contributor to the marriage rather than as a passive recipient of economic benefits provided by the breadwinner."

Second, the ownership provisions were intended to obviate burdensome tax consequences which attach upon the transfer of an asset or a part of an asset from the legal owner to the other spouse pursuant to a property division. We conclude that the legislature intended to give the benefits of the presumption of contribution and tax avoidance to all property acquired during the marriage, regardless of the source of the acquisition. Hence, we conclude that property acquired by either spouse during the marriage is within the term "marital assets," even though it is acquired by gift or inheritance. As this opinion will demonstrate, however, the statute may often affect the court's analytical approach more than it affects the results.

Here, wife received the inherited property prior to the dissolution of the marriage. Having been acquired

---

[1] In *Engle and Engle* we expressly reserved for this case the question of "whether property received during the marriage by a spouse by way of gift or inheritance is intended to be included within" the term "marital assets." 293 Or at 214 n 6.

during the marriage, it is a marital asset. By virtue of that status, it is subject to the statutory rebuttable presumption of equality of contribution and to the ownership provisions of the statute.

■ The presumption of the husband's equal contribution by non-financial means is rebutted because wife's acquisition was by sole inheritance after the parties separated, cf. *Lemke and Lemke,* 289 Or 145, 611 P2d 295 (1980), unaffected by efforts of the husband.[2] We therefore consider the inherited property to be free from any claim of husband arising from real or presumed contribution to its acquisition. That does not mean, however, that we accept the wife's contention that she should receive her inherited property entirely plus exactly one-half of the remaining property.

■ ■ Property division is not a function solely of arithmetic. Absent overriding considerations, marital assets should be divided as equally as practical. Where, as here, one spouse is equitably entitled to receive a marital asset because he or she acquired it free from any contribution of the other spouse, the asset can initially be removed from the equation. *Cf., McCraw v. McCraw,* 231 Or 638, 373 P2d 667 (1962). Thus, unless additional considerations dictate otherwise, wife should retain her inheritance.

■ ■ The equation of property division and the entitlement of a party to individually acquired property may be disturbed in order to accomplish broader purposes of a dissolution. There are social objectives as well as financial ones to be achieved and that may result in an uneven financial division. As we said in *Haguewood,* 292 Or at 206-207:

> "Dissolution of a marriage is analogous in many ways to dissolution of a partnership or other joint financial venture. * * * The analogy is not complete, however. Unlike a business dissolution, a marital dissolution often requires the achievement of certain social as well as financial objectives which may be unique to the parties. * * * For

---

[2] Husband contended in the trial court that he worked on the father's farm, that he was close to the father, and that he was equitably entitled to share in the inheritance. The trial court found that he was compensated for his labor. Husband does not challenge that finding on review and we therefore do not re-examine it.

example, the parties to a long-term marriage should be awarded the resources for self-sufficient, post-dissolution life apart insofar as possible within the limitations of the capabilities and property of the parties. * * *" (Citations omitted.)

Where a decree cannot achieve all the objectives of a dissolution and at the same time divide property exactly evenly, the court should order a division of assets which is out of balance to the extent required for the accomplishment of the other purposes of the decree, whether that be to preserve assets, *see Haguewood,* to enable a party to pay support, *see Grove and Grove,* 280 Or at 344, or, as here, to enable both parties to begin post-marital life with a degree of economic self-sufficiency, or to satisfy other subsections of ORS 107.105.

■ ■ Here, our task is simplified because there is no need for child or spousal support. The need in this case is to enable both spouses to emerge from the marriage and recommence life on a sufficient economic footing. Fortunately, there is sufficient property and income to serve that need. Where the income and property of one spouse is greater, the achievement of economic self-sufficiency of both parties is not necessarily best served by an equal division of the marital assets. In dividing the non-inherited marital assets, we therefore take into account that the wife has greater income and, because of the inheritance, greater financial resources.

■ ■ We are also influenced by two practical considerations: a forced sale can cost much of the value of property, and imposition of a judgment lien on property tends to drain income and to continue, rather than sever, the financial relationship of the parties. Where economic self-sufficiency, a fair division, and other purposes of a decree can be achieved without ordering a sale or imposing a lien, it is preferable to avoid those divisional devices. That means that a division with a slight imbalance may be preferable to one which is exactly even. These considerations all suggest that the non-inherited property be divided as cleanly as possible. Because the husband has less income and less property, he should receive the greater share of the non-inherited property, but the imbalance should be reduced to avoid unreasonable disproportionality.

We therefore modify the decree to award the entire Kathy Street house to wife. This lessens the imbalance, avoids the necessity of sale and gives wife more flexibility. We acknowledge that the parties agreed to the sale of the Kathy Street house and division of the proceeds, but the husband did so in conjunction with his unsuccessful claim upon the inheritance and the wife did so in conjunction with her unsuccessful demand for one-half of the non-inherited property. The resulting imbalance ($90,000 to $26,810) is so disproportionate that a judgment lien against the house, consistent with husband's ability to pay or refinance, although an undesirable device, seems the only equitable way to transfer some value to wife. We therefore also modify the decree to provide for a $20,000 judgment lien against the family home in favor of the wife, payable in equal monthly payments at the statutory rate of interest over 10 years from the effective date of this decision. The modified schedule of distribution of the non-inherited assets would then be as follows:

|  | Husband | Wife |
|---|---|---|
| Family home and judgment lien | $ 70,000 | $ 20,000 |
| Kathy Street house | --- | 24,310 |
| Condominium |  | 2,500 |
| Subtotal | $ 70,000 | $ 46,810 |
| Plus inheritance |  | 131,200 - 181,200 |
| TOTAL | $ 70,000 | $178,010 - 228,010 |

Affirmed as modified. No costs to either party.

**PETERSON, J.,** dissenting.

I dissent. In my opinion the wife should receive the inherited property. The other assets should be divided evenly between the husband and the wife.

Campbell, J., joins in this dissent.