In the Matter of the Marriage of

## LAKE,
*Appellant,*

*and*

## LAKE,
*Respondent.*

(D8011 69322; CA A23776)

671 P2d 747

Barbee B. Lyon, Portland, argued the cause for appellant. With him on the briefs was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Jack L. Kennedy, Portland, argued the cause for respondent. With him on the brief were James W. McClurg, and Kennedy & King, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Husband appeals from a dissolution decree, claiming that the trial court erred in the valuation of specific assets and in the amount and duration of spousal support. We affirm.

The parties were married 31 years. They have four adult children. Neither party had assets of any magnitude when they married. The majority of the parties' assets have been acquired from husband's parents through various estate planning devices and gifts.

Husband and wife both graduated from the University of Oregon in 1950 and married later that year. Husband went to work in his father's businesses, Pakwell Paper Products and Mail-Well Envelope Company. Later, he became chairman of Pakwell and president of Mail-Well. In 1976, husband founded Lake Investment Company with $100,000 borrowed from his father, and he is the sole shareholder of that corporation. Wife has never been employed outside the home but has been active in civic affairs and volunteer work. At the time of trial, husband was 55 years old and wife was 52. Husband testified that he is in good health. Wife testified that she takes medication for high blood pressure, is under estrogen therapy and is seeing a doctor for stress and anxiety.

Husband contends that the trial court erred in its valuation of two assets. First, he argues that the trial court mistakenly included part of Lake Investment Company's debt as capital and thereby necessarily increased the valuation of that corporation. The debt at issue is evidenced by $610,000 in promissory notes from Lake Investment Company to husband and corresponding notes from him to his mother, who was the source of those funds. He also challenges the trial court's valuation of the Theodora Lake Trust, of which he is a contingent beneficiary. The trial court made no specific findings of value for those assets, but a mathematical analysis of the decree supports the conclusion that the court, in awarding wife a judgment of $350,000 to equalize the property division, assigned the two assets a total value of $849,000.

Husband's expert testified that the present value of the Theodora Lake Trust is $148,930; wife's expert valued it at $463,802. Husband testified that Lake Investment Company is worth $1,000, and his expert testified that it has a negative

net worth of $304,000. Wife's expert initially valued it at $1,208,000, then increased his valuation to $1,558,000, based on a recent equipment appraisal of one of the corporation's operating subsidiaries. Wife's expert testified that he believed the $610,000 in promissory notes representing loans from husband's mother should be considered as investment capital rather than debt. He expressed the opinion that the notes were an advance to husband as a "designated heir" and concluded that the value of the corporation should be increased by a like amount. He appears to have based his opinion and that conclusion on evidence of husband's mother's death between the time of the parties' separation and the time of trial and that the notes, which were an asset in her estate, were to be distributed in part to husband in partial forgiveness of the debt and in part to husband's father, to preclude an immediate demand for payment by the estate.

■ The trial court was confronted with the difficult question of the value of the assets in the face of complex and conflicting evidence, and a valuation of $849,000 was within the range of testimony at the hearing. On *de novo* review we find no error in the valuation of the Theodora Lake Trust. As to the loans from husband's mother, the trial court expressly found that they were not to be considered as corporate debt, because they were "an estate planning device" and would never be repaid, and therefore considered them to be capital. If the trial court is correct in its conclusion that husband eventually will inherit his own promissory notes from his parents — and we think it is — it did not err in considering the notes to be capital of Lake Investment Company and including them in the value of that corporation.

■ The issue is the disposition that should be made of property inherited or certain to be inherited by husband. We start with the premise that property received during the marriage by gift or inheritance is a marital asset subject to the statutory rebuttable presumption of equality of contribution. *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982) (construing ORS 107.105(1)(e)). When property is received by sole gift or inheritance after the parties separate, however, the presumption of equal contribution is effectively rebutted and, absent overriding considerations, the asset initially can be removed from the property division computation. *Pierson and Pierson, supra,* 294 Or at 123. Here, husband has already

received the $610,000 from his mother during the marriage; he has invested it in a corporation owned solely by him; and he will not have to repay it. It is a marital asset subject to distribution in this dissolution proceeding.

■ Husband contends that the award of spousal support in the amount of $2,000 per month for six months and $3,000 per month permanent spousal support is inequitable. Considering husband's substantial income and the length of the marriage, it is not, and that portion of the decree is also affirmed.

Affirmed. Costs to respondent.