Argued and submitted April 29, affirmed as modified November 30, 1983

In the Matter of the Marriage of

HARTLEY,
*Respondent,*

*and*

HARTLEY,
*Appellant.*

(82-1-461; CA A26234)

672 P2d 724

Gordon H. Price, Molalla, argued the cause and filed the brief for appellant.

A. B. Cummins, Jr., Salem, argued the cause for respondent. With him on the brief was Rhoten, Rhoten & Speerstra, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this dissolution of marriage case, wife appeals, alleging that the trial court erred in its distribution of the marital assets.

In 1961, wife and her first husband bought a farm. One son, Frank, was born of her first marriage, which ended in 1963 with the death of her first husband. Wife paid off the farm mortgage before her second marriage in 1968. Wife and second husband, respondent, then lived together on the farm and operated a dairy until their 1981 divorce.

The trial court made the following distribution of the parties' assets:[1]

WIFE:

| | |
|---|---|
| Farm | $220,000.00 |
| Livestock and equipment | 172,697.00 |
| Commercial Bank trust account | 4,000.00 |
| Judgment to husband | (169,978.50) |
| Total | $226,718.50 |

HUSBAND:

| | |
|---|---|
| Silverton bank account | $ 10,000.00 |
| Bank of Oregon account | 12,000.00 |
| Children's bank accounts | 800.00 |
| Sheep | 7,570.00 |
| Judgment | 169,978.50 |
| Total | $200,348.50 |

In addition, wife was awarded custody of the couple's four children and $150 per month per child for child support, with a $300 per month offset against acccruing interest on the judgment lien.

Wife appeals the distribution of property, assigning the following as errors:

---

[1] The trial court said:

"Further, my notes are not clear as to which car the husband drives but I am awarding it to him and you gentlemen — and Mrs. White — will have to agree between you as to the vehicle and its value, to be deducted from his final sum."

We do not intend to affect this directive.

(1) The appraisers included milk tank and dairy quota, as both personal property and real property, overstating the total value of assets by $12,950.

(2) The trial court included $4,000 in a bank account and $14,500 in farm equipment belonging to her son Frank as a marital asset.

(3) It was not just and equitable for the trial court to treat wife's premarital and separate property as marital property.

As to the first assignment, husband does not dispute wife's claim that the dairy quota and milk tank were included in both the real property appraisal and the personal property appraisal of the livestock and equipment. Our *de novo* review of the record supports her contention. Accordingly, we adjust the value of the livestock and equipment from $172,697 to $159,747.

On the second assignment of error, we find that the trial court erred in including assets belonging to Frank in the marital assets. The record shows that Frank received money from his father's estate and Social Security that was held in the Molalla Branch of Commercial Bank by wife, as trustee. The account balance was $16,000 at the time of trial. The trial court included $4,000 of that account as a marital asset and awarded it to wife. In addition, wife claims husband's "Inventory and Appraisal" list, on which the trial court relied to determine marital assets, included several items of farm machinery valued at $14,500 which belonged to Frank. Husband does not dispute wife's claims, and we find no support in the record for including those items as marital property. The trial court had no authority to divide property owned by Frank; accordingly, we delete the award to wife of $4,000 in Commercial Bank and reduce the value of livestock and equipment awarded to her by $14,500 to $145,247.

On the third assignment, we limit our review to the trial court's treatment and valuation of the "improvements and appreciation" of the farm as a marital asset. The trial court stated:

"* * * The wife paid $30,000 for the farm — it is now worth $250,000. I am awarding it to the wife, but, deducting the

original costs and allowing improvements and appreciation as a marital asset. Its value then, for our purposes, is $220,000."

In *Pierson and Pierson*, 294 Or 117, 121, 653 P2d 1258 (1982), the Supreme Court concluded that "marital assets" in ORS 107.105(1)(e) includes all property acquired by either spouse during the marriage. We find the trial judge's treatment of the "improvements and appreciation" to the farm as a marital asset to be consistent with *Pierson* but conclude that it was not proper to have included the "appreciation and improvements" for the seven-year period from 1961 to 1968, during which wife by herself or with her first husband owned the property. The record does not contain evidence as to the value of the farm in 1968, but we will apportion the appreciation and improvements evenly over the entire 20-year period, reducing the value of this marital asset from $220,000 to $143,000.[2] We decline to modify the trial court's award to husband of the parties' bank accounts and modify the judgment in favor of husband to $128,938 to reflect the changes resulting from our valuation of the marital assets.[3] This results in the following distribution of assets:

WIFE:

| | |
|---|---|
| Farm | $143,000.00 |
| Livestock and equipment | 145,247.00 |
| Judgment to husband | (128,938.00) |
| Total | $159,309.00 |

HUSBAND:

| | |
|---|---|
| Bank accounts | $ 22,800.00 |
| Sheep | 7,570.00 |
| Judgment | 128,938.00 |
| Total | $159,308.00 |

[2] The calculation is as follows: $250,000 value minus $30,000 original price equals $220,000 divided by 20 years results in $11,000 per year appreciation and improvements times 13 years (1968-81) equals $143,000.

[3] Although the trial court's imposition of a lien in this case may force the sale of the property, contrary to several policies such as keeping a business intact, *Haguewood and Haguewood*, 292 Or 197, 638 P2d 1135 (1981), and against forced sale of property, *Pierson and Pierson*, 294 Or 117, 124, 653 P2d 1258 (1982), we are unable to find an alternative distribution that would result in a more "just and proper division of property." ORS 107.105(1)(e). The $128,938 lien represents the farm ($143,000), livestock and equipment ($145,247), bank accounts ($22,800) and sheep ($7,570), totalling $318,617, divided equally between the parties and reduced by $30,370 of other property awarded to husband.

Decree modified to reduce the value of the parties' livestock and equipment to $145,247; award to wife of $4,000 in the Commercial Bank Trust Account is eliminated; the value of farm is reduced to $143,000; husband's judgment is reduced to $128,938; affirmed in all other respects. Costs to appellant.