Argued and submitted September 5, 1986, affirmed on appeal and cross-appeal
March 11, reconsideration denied May 22, petition for review denied June 16, 1987
(303 Or 534)

In the Matter of the Marriage of

HERING,

*Respondent - Cross-Appellant,*

*and*

HERING,

*Appellant - Cross-Respondent.*

(D83 01-60697; CA A35166)

733 P2d 956

Jack L. Kennedy, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Susan E. Watts, and Kennedy, King & Zimmer, Portland.

Terry W. Baker, Portland, argued the cause for respondent - cross-appellant. On the briefs were Barbee B. Lyon, and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Warren, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

This is a dissolution of a 27 year marriage involving assets valued at over $4,000,000. Husband appeals and wife cross-appeals, both claiming that the trial court erred in the property division. Husband also claims error in setting the amount of child support for the two minor children of the parties. We affirm.

The parties were married in 1956 and separated in 1982. They have six children, two of whom were minors at the time of trial. Wife is from a Portland family with extensive business interests. In 1959, wife's father created two family trusts. The beneficiaries were wife, her mother and her brother and sister. Wife received income from the trusts. The father died in 1960, and in 1967 the mother died. The trusts were terminated the following year, and the principal asset that wife received was stock in Mount Hood Radio & Television Broadcasting Corp. (KOIN-TV).

During the marriage wife did not work outside the home. Over the years, husband has been involved in various businesses and partnerships. For over 20 years he was in the grain trading and brokerage business, having his own company from 1960 until 1983. During the marriage, wife's share of the trusts earned approximately 1.5 million dollars. Husband's earnings were about the same amount, mainly from the grain business.

Both parties focus their dispute on the division of assets purchased with the proceeds of the sale of wife's interest in KOIN-TV in 1977. Wife received $2,937,589 before taxes. The trial judge awarded wife $1,044,914 in tax exempt municipal bonds which had been purchased with part of the sale proceeds. He divided the remaining assets of the parties approximately equally.[1] Husband argues that all of the property should be divided equally. Wife counters that she should have been awarded additional property which was purchased from the KOIN-TV proceeds.

■ We turn first to husband's contention that there

---

[1] In addition to the bonds, wife received property with a value of approximately $1,203,000 plus a $373,000 judgment to be paid by husband. The value of husband's property was approximately $1,736,000.

should be an equal division of all property. There is a rebuttable presumption that both parties have contributed equally to the acquisition of marital property. ORS 107.105(1)(f). Wife has overcome that presumption by the evidence that the property was acquired by inheritance, uninfluenced by husband. The bonds were not the product of joint efforts. They were purchased with the proceeds of the KOIN-TV stock, which had been bequeathed directly to wife. There was no mention of husband in the trusts through which wife received the stock, although they were married when the trusts were created in 1959. Husband did not contribute to the acquisition. *See Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982).

Husband argues that, although the source of an asset may be considered, the parties to this long-term marriage have co-mingled all of their assets. In support of his argument he cites *Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982), in which the Supreme Court found that the husband had overcome the statutory presumption of equality of contribution by showing that the family house and the land in the husband's name alone had been acquired by gift. However, in that case other equitable considerations required an equal division of the assets. The court stressed that the donated property had been integrated into the common financial affairs of the parties and their children by the joint labor and expenditures of both husband and wife to convert the dilapidated family home into a liveable one.

Here, the bonds were not co-mingled with the family finances. *See Jenks and Jenks, supra,* 294 Or at 242. Before the sale of KOIN-TV in 1977, husband had control of and managed all of the family finances, including the investment of funds from wife's inheritance. At the time of the KOIN-TV sale, wife expressed concern that those funds were the last of her inheritance. For the first time, she directed what she wanted to do with the funds.[2] The largest investment that she requested was $1,000,000 in municipal bonds. Those which were not bearer bonds were kept by custodian banks in her name alone, and payments were made directly to her or her account. The bonds were not co-mingled.

---

[2] Wife does not claim that the income from the investments remained hers alone.

■  Other considerations also support the court's disposition of the bonds. Wife did not receive spousal support and will be required to live on the income from her property. Although husband was not working at the time of trial, he has been a successful businessman.[3] Before the separation he had been earning over $100,000 a year on the average and the year before the separation had earned over $200,000. Although wife has a college education, there was no evidence that she has marketable skills comparable to those of husband. Considering the property division as a whole,[4] the future earning power of the parties and the standard of living which they have maintained, awarding the municipal bonds as her property alone is just and proper. ORS 107.105(1)(f).

■  On cross-appeal, wife argues that other assets were purchased with the proceeds of the KOIN-TV sale and should not have been divided between her and husband. Wife recognizes that the property which she claims was not as plainly segregated as were the bonds and that husband had more control over it, but she argues that he was merely the custodian of the funds and that she did not intend to give him one half. She contends that husband should not profit from his comingling of the proceeds.

Wife relies primarily on a list of properties which, she insists, was an "accounting" prepared for her by her husband to show what had happened to the KOIN-TV proceeds. She claims that the list shows that husband acknowledged that the proceeds were hers alone, because most of the assets were acquired after the 1977 sale. Husband claims that he made the list of assets in an attempt to show wife that they were better

---

[3] After the parties had separated, husband was given an "ultimatum" by the key employes of his company to meet certain conditions or sell the business to them. Although wife opposed the transaction, he sold the business and executed a two-year covenant not to compete.

[4] Husband challenges the decision of the trial court to value his obligation to the Oregon Bank at $95,000, the liability as of the date of separation, instead of $295,000, the liability on the date of trial. Although interests are usually valued at the date of dissolution, see *Olinger and Olinger*, 75 Or App 351, 357, 707 P2d 64, *rev den* 300 Or 367 (1985), under the facts here the value chosen by the trial judge was appropriate. After separation, husband borrowed $200,000 from the bank and invested $174,000 in a real estate development. The trial judge awarded him that investment at the $177,970 value husband had claimed, instead of the $323,000 which had been put into the investment. The debt was an independent business decision on husband's part, and it is equitable that he assume the risk along with the potential profit.

off than before and that he did not intend an accounting of property exclusive to her.

However one characterizes the list, we conclude that it does not show, apart from the bonds, that the proceeds of the sale had not become integrated. Wife claims an interest in a warehouse owned by a partnership in which husband, not wife, has an interest. Wife also claims stock in Scottland, Inc., which was purchased with funds received in 1981 from the sale of an investment which had been made from the KOIN-TV proceeds. Wife's name was not originally on the stock. Husband is on the board of directors of the corporation; wife had no involvement with the company and did not know what business the company did. We concur with the trial judge's implicit conclusion that, during the five years between the sale of KOIN-TV and the separation of the parties, the proceeds of the sale other than the bonds had been integrated into the common financial affairs of the parties.

■■ Husband's final assignment of error is that the trial court "awarded wife" $1,000 per month for the support of each of the parties' two minor children.[5] Husband argues that there was no determination of the needs of the children as required by ORS 107.105(1)(c) and *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), because wife failed to allocate her general expenses between herself and the children.[6] The mathematical formula developed by the Supreme Court in *Smith* is a guideline to assist in determining child support so that similar cases will be treated similarly, but each case must be considered on its own facts. *Smith v. Smith, supra,* 290 Or at 680.

The financial situation here is not a common one, either in terms of the income of the parties or the expenses of the children. The assets of the parties and the tax treatment given those assets make the amount of the prospective annual income of each party subject to dispute. Additionally, the

---

[5] We reject husband's formulation of the error as an award to wife. Child support is recovered from the party not given custody, ORS 107.105(1)(c), but the money is for the support and welfare of the children, not the enrichment of the custodial parent.

[6] Wife's monthly expenses are $14,000, of which direct expenses for the children are $2,348. The household expenses total almost $6,000.

incomes will probably vary widely from year to year.[7] To apply the mathematical formula of *Smith* would be to ignore that this is a situation which does not lend itself readily to the principles underlying *Smith.*

■      The *Smith* court made it clear that proper considerations in determining child support are the comforts and luxuries that the children would have enjoyed had it not been for the dissolution. On *de novo* review, we conclude that the trial court acted properly in requiring husband to contribute $1,000 per month for each child towards maintaining the standard of living which the parties have given them.

Affirmed on appeal and on cross-appeal. Costs, not including attorney fees, to wife.

---

[7] We note, for example, that the formula would be skewed by the fact that husband has not held a paying position for two years. He has worked at least half-time in unpaid community service.