In the Matter of the Marriage of

STEELE,
*Respondent,*
*and*

STEELE,
*Appellant.*

(15-86-06694; CA A45121)

759 P2d 304

Herbert W. Lombard, Jr., Eugene, argued the cause for appellant. With him on the brief were David V. Brewer and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

R. Scott Palmer, Eugene, argued the cause for respondent.

With him on the brief were Debra E. Posen and Harrang, Long, Watkinson & Arnold, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Husband appeals from a dissolution judgment ending a 57-year marriage and contends that the trial court erred in awarding to wife all properties received by gift or inheritance and dividing the remaining assets equally. On *de novo* review, we modify the trial court judgment and affirm as modified.

The parties were married in 1930 and separated in 1986. Husband, age 80, was an officer with the Oregon State Police for 32 years. Wife, age 74, was a school teacher. From 1936, wife deposited her earnings from employment as a teacher into a checking account in her name only. She added husband's name to that account in 1952 as a joint owner. During their marriage, the parties maintained that checking account, from which wife paid most of their living expenses. Every month, from approximately 1956 to 1968, husband bought, in both parties' names as joint owners, $400 in savings bonds by deductions from his payroll check. He also paid some family bills and deposited the balance of his check in the checking account. In addition to payment of living expenses, the parties used money in the joint account to purchase joint investments. In short, they completely commingled their incomes.

Since 1952, the parties have lived near the McKenzie River, in a home on a 110-acre site. The total value of the site is $303,000. Wife acquired 76 acres of it by gift from her father in 1977, and title to that portion is in her name only. Its value is $125,000. The parties hold the remaining land as tenants by the entirety. Wife concedes that the 76-acre parcel is part of the marital estate but asked the court to award it to her. Husband requested the entire homestead.

The assets in dispute also include three other parcels of land, assorted personal property and numerous bank accounts. In 1969, wife's parents deeded a one-third interest in land in Kansas to her and her mother as joint tenants with right of survivorship. When her mother died in 1975, wife acquired the entire one-third interest. Since then she received income from the property and deposited it into the parties' joint checking account. The parties paid all income taxes attributable to income from the Kansas property from the joint account. After the parties separated, wife set up an irrevocable charitable trust for the Kansas property, under which

she retains the income for life and a church owns the remainder.[1]

The parties agree on the value of all property except the Kansas property. Husband contends that the value of the Kansas property is $330,000; wife asserts that the property is worth $200,000. The evidence regarding value is sketchy. Neither party introduced an appraisal. Husband bases his valuation on a 1984 letter from the Kansas attorney who manages the property; wife submitted a 1986 letter from the same managing attorney. We accept wife's valuation, because it is more recent.

In 1980, wife inherited her parents' home in Youngstown, Arizona, along with its furnishings. The expenses of that property, which were paid from the joint account, have exceeded the rent. The furnishings are worth $3,000, and the real property is worth $40,000. In 1980, wife also inherited from her father real property in Lane County. She sold it in 1981 and continues to receive monthly contract installments (Harpel contract). Wife usually deposited the money into the parties' joint account. Expenses for the sale of the property were paid out of the joint account. The contract is valued at $58,099.

Wife was also a joint owner with her father on several bank accounts and became the sole owner on her father's death. They are presently worth $217,916.07,[2] including accumulated interest. The parties reported all the income from those accounts, as well as from wife's other inheritances and gifts, on their joint tax return. There is no evidence that the parties paid the taxes attributable to the income from those bank accounts.

The trial court first excluded from the marital estate the properties which wife received by gift or inheritance. It then awarded husband half of the remaining assets, including the entire homestead, subject to a judgment of $120,804.19 in favor of wife to equalize the distribution. It awarded wife all

---

[1] Wife concedes that we are not precluded by the conveyance from reaching this asset.

[2] In wife's proposed distribution, she states the total value of the accounts as $310,024.61, which includes $3,000 for the Arizona furnishings. We find that the accounts are worth $217,916.07.

the inherited property in addition to her share of the remaining marital property and the equalizing judgment.

■　　Wife contends that she has rebutted the presumption of husband's equal contribution, ORS 107.105(1)(f),[3] with respect to the properties that were inherited or received as gifts. She also asserts that there are no equitable reasons to justify the award to husband of a portion of those properties. Despite the source of the assets acquired during marriage, under ORS 107.105(1)(f) we must divide all the property of the parties in such a manner "as may be just and proper in all the circumstances." There is no persuasive evidence that the parties intended to treat the properties in question as anything but marital property during their marriage. To the contrary, they commingled the income from those properties with other marital assets and used the funds for joint expenses. We conclude that the inheritances and gifts are part of the marital estate and are subject to distribution.

Wife received the first property by gift after having been married over 35 years and long before the parties became adversaries. There is no evidence that they discussed the ownership of the properties or that wife tried to exclude husband from any of the assets until after the parties separated and she established the trust on the Kansas property. Moreover, from the beginning of their marriage in 1930, the parties managed all of their financial affairs, first, through the checking account in wife's name only and then through the joint checking account. Insofar as they needed to use the disputed properties, they treated them as joint assets integrated into their common financial affairs. *See Jenks and Jenks,* 294 Or 236, 243, 656 P2d 286 (1982).

■　　Although the parties did not need the funds in the bank accounts for their daily expenses and, therefore, did not

---

[3] ORS 107.105 provides, in part:

"(1)　Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"* * * * *

"(f)　For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

use them, there is no evidence that they intended to segregate them from the marital estate. That the parties left the inherited bank accounts in wife's name only and allowed interest in those accounts to accumulate does not negate the conclusion that those funds became integrated into their common financial affairs.

This case is distinguishable from *Hering and Hering,* 84 Or App 360, 733 P2d 956, *rev den* 303 Or 534 (1987), in which we affirmed the trial court's award of bonds to the wife. In that case, we held that the bonds, which were purchased with the proceeds from the sale of the wife's inheritance, had not become commingled with the family finances. 84 Or App at 363. The husband had managed income from the wife's inheritance. When the income producing stock was sold, the wife, concerned that the funds were the last of her inheritance, directed that the proceeds be used for the purchase of the bonds and that they be registered in her name alone. Her affirmative action to segregate the principal of her inheritance from the marital estate was a reason to treat it differently from the other property. The husband's superior earning capacity as a successful businessman and the fact that the wife was not awarded spousal support further supported the award to her. 84 Or App at 364.

The situation is different in this case. Unlike the wife in *Hering,* wife did not affirmatively designate how the inherited funds were to be used, nor did she in any way discuss ownership of the accounts with husband. She treated the accounts, insofar as she dealt with them at all, like all the other property that the parties owned. In addition, husband, a retired police officer, does not have a future earning potential superior to wife's, unlike in *Hering.* We conclude that the bank accounts are part of the marital estate.

■ In this very lengthy marriage, the relative contribution of the parties is less significant than ensuring that they separate on as equal a basis as possible. *See Glatt and Glatt,* 41 Or App 615, 622, 598 P2d 1237 (1979). We find no persuasive reason why either should receive more assets than the other. Although wife, through gifts and inheritances, contributed more than husband, both contributed to the full extent of their ability. Accordingly, we treat all the property as part of the marital estate and divide the estate as equally as possible.

It appears that the trial court awarded wife $8,000 in the First Interstate Bank account no. 373-007799-2. That account was closed and the money deposited in U.S. National Bank account no. 041-0502-603. Because we award husband that account, among other disputed property, we eliminate that $8,000 award to wife.

Judgment modified to award husband the Harpel contract, the accounts in U.S. National Bank, excluding account number 14-21032513, the accounts in Pacific First Federal Savings and Loan, the account in Benjamin Franklin Savings & Loan and the McKenzie River property, excluding the 76-acre parcel; to award wife the 76-acre McKenzie River property and U.S. National Bank account number 14-21032513; to eliminate the judgment in favor of wife; to delete the award to wife of $8,000 in First Interstate Bank account no. 373-007799-2; affirmed as modified. Costs, not including attorney fees, to husband.