Argued and submitted October 14, affirmed as modified December 14, 1988,
reconsideration denied March 10, petition for review allowed
April 18, 1989 (307 Or 658)

In the Matter of the Marriage of

STICE,
*Respondent,*
*and*

STICE,
*Appellant.*

(CV 87-0424; CA A47952)

765 P2d 246

Robert G. Ringo, Corvallis, argued the cause for appellant. With him on the brief were Patrick L. Hadlock, and Ringo & Stuber, P.C., Corvallis.

James M. Brown, Salem, argued the cause for respondent. With him on the brief were Harold S. Harding, Corvallis, and Enfield, Guimond and Brown, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Husband appeals a judgment of dissolution awarding approximately 70 percent of the marital assets to wife. We review *de novo* and modify the judgment to award approximately 50 percent of the marital assets to each party and affirm the judgment as modified.

The parties separated in July, 1987, after 25 years of marriage. They have no children. Wife is 45 years old and husband is 55. Both are employed. Wife's salary is approximately $33,600 to $36,000 per year, and husband's is approximately $38,000 per year. Throughout the marriage, they maintained separate checking accounts and each contributed to common expenses. Their vehicles and real property were held jointly. They always filed joint income tax returns.

This appeal concerns the distribution of certain stock that was held in wife's name alone and was obtained through a payroll deduction plan in which she participated at work between 1968 and 1976. Other stock was received by husband as bonuses and was held in his name alone. Wife testified at trial that husband had opposed her participation in the stock purchase plan but that she had purchased the stock anyway and contended that the stock held in the parties' separate names should not be treated as marital assets. Husband testified that he had encouraged the stock purchases and that the payroll deduction was withheld from wife's check rather than his because they could not afford to have deductions taken from both paychecks. Wife testified that, throughout the marriage, she had been thrifty and frugal with their assets while husband had been a spendthrift, using most of his extra income for his own enjoyment and hobbies. The trial court held that both parties' individually held stock constituted marital property but, finding that the stock would not have been purchased but for wife's "industry and frugality[,]" awarded the bulk of her stock solely to her.

■■ In exercising *de novo* review, we are guided, but not bound, by the trial court's findings of fact and must make an independent study of the record, weigh the evidence and exercise independent judgment. Still, we will affirm the judgment unless we are convinced that the trial court erred. *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, *modified* 29 Or App 287, 563 P2d 738 (1977). Our statutory mandate is to divide the

property of the parties "as may be just and proper in all the circumstances." ORS 107.105(1)(f). Property acquired by either spouse during the marriage is a marital asset and is subject to distribution by the court. *See Pierson and Pierson,* 294 Or 117, 122-23, 653 P2d 1258 (1982). "There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held." ORS 107.105(1)(f).

We find that an equal division of property is appropriate here. This is a 25-year marriage in which both parties enjoy good health and are employed in well-paying jobs. Neither party has rebutted the presumption of equal contribution to the marital estate. Wife contends that she should be awarded the stock, because she provided the motivation for its acquisition. While her industry is commendable, it does not provide a basis for a "long half" property award or rebut the presumption of equal contribution. Disproportionate property divisions are generally reserved for circumstances in which one spouse's earning capacity is significantly impaired, *Glatt and Glatt,* 41 Or App 615, 622, 598 P2d 1237 (1979), or circumstances in which one spouse is guilty of misappropriation or waste of the marital assets. Such facts are not present here. We therefore divide the stock as equally as possible.

Judgment modified to award stock as follows:

|                  | Husband    | Wife       |
|------------------|------------|------------|
| Teledyne         | 903 shares | 904 shares |
| Argonaut         | 903        | 904        |
| American Ecology | 123        | 124        |

Judgment modified to reapportion stock; affirmed as modified. No costs to either party.[1]

---

[1] The author of this opinion would award costs including attorney fees to husband.