Argued and submitted January 8, on appeal, remanded for determination of value of Gerlinger Industries stock and for such further proceedings as may be appropriate; affirmed on cross-appeal July 18, 1990

In the Matter of the Marriage of

Barbara Jean BRADSHAW,
*Appellant - Cross-Respondent,*
*and*

Robert David BRADSHAW,
*Respondent - Cross-Appellant.*

(87C-31669; CA A60677)

794 P2d 825

Bruce W. Williams, Salem, argued the cause and filed the brief for appellant - cross-respondent.

Ron P. MacDonald, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Blair, MacDonald, Jensen, Pagel & Jones, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

BUTTLER, P. J.

**BUTTLER, P. J.**

Wife appeals and husband cross-appeals the property disposition incorporated in the judgment dissolving a marriage of approximately 28 years. We conclude that the judgment should be modified in one respect and remand.

During the marriage, wife received by gift and inheritance substantial assets from her family. She contends that husband should not receive any part of those assets and that, in any event, one asset, the Gerlinger Industries stock, was overvalued. Husband, on the other hand, argues that he should receive 50 percent of the assets; he agrees that the stock was overvalued. Approximately 65 percent of the assets received by wife from her father's estate were immediately segregated by her by placing them in a trust for herself. The trial court found that that act evidenced wife's intent to preserve those assets for herself. *See Hering and Hering,* 84 Or App 360, 733 P2d 956, *rev den* 303 Or 534 (1987). Other gifts were not placed in the trust until many years after wife received them. Although the income from those assets was used for family purposes, the trial court awarded approximately 65 percent of all of the assets, including her trust, to wife and 35 percent to husband.

■ On husband's cross-appeal, considering all of the circumstances, including wife's health problems and lack of marketable job skills, we conclude that that division is just and proper, and we will not disturb it. *Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982); *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982); *Hering and Hering, supra.*

■ In making the property division, the trial court found that the value of the Gerlinger Industries stock, which was in wife's trust, was $118,566. The stock had been carried at that value by the trustee; however, the trustee testified that the company was in the process of liquidation and that the value of its stock was substantially less than the amount at which it was carried on the trustee's books. Husband agrees that the stock is worth substantially less than that amount.

After judgment was entered, wife moved for a new trial, contending, in part, that the court erred in its valuation of that stock. In an affidavit signed by her attorney, she asserted that that stock was worth between $7,000 and $8,000.

That motion was deemed denied by the failure of the trial court to rule on it within 55 days after judgment. ORCP 64. Shortly after the time to rule had expired, the court advised counsel by letter that too high a value had been put on that stock and that the testimony relating to its value was ambiguous. It indicated that, unless the parties would stipulate to the value of the stock, it would order that additional testimony be taken and that, if the stock was determined to be worth less than $118,566, the division of assets would be adjusted accordingly. That letter, however, came too late under ORCP 64.

On appeal, remanded for determination of the value of the Gerlinger Industries stock and for such further proceedings as may be appropriate; affirmed on cross-appeal. No costs to either party.