Argued and submitted December 10, 2009, dissolution judgment modified to award husband an equalizing judgment of $326,785.50; remanded for entry of property division consistent with this opinion; otherwise affirmed March 24, 2010

In the Matter of the Marriage of

Jeffrey Jay FIELDS,
*Petitioner-Appellant,*

*and*

Nancy Elizabeth FIELDS,
*Respondent-Respondent.*

Benton County Circuit Court
0730548; A141040

228 P3d 614

Edward L. Daniels argued the cause for appellant. With him on the brief was Law Offices of Daniels & Ivers.

Lauren Saucy argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Husband appeals a dissolution judgment. He assigns error to several aspects of the trial court's property division. On *de novo* review, ORS 19.415(3) (2007), we conclude that the trial court's property division was not just and proper under the circumstances. We modify the judgment accordingly and remand.

A full discussion of the facts would be of minimal benefit to the bench, bar, and public. It suffices to say that the parties were married for 20 years. Wife's parents gave her a minority interest in Hull Resources Limited Partnership (HRLP) during the marriage. Wife kept her interest in HRLP in her own name only, and the value of her interest in HRLP appreciated.

HRLP owned a substantial amount of timber property. During the marriage, husband and wife worked directly or indirectly for a number of business entities owned by the parties, wife, or wife's family, or jointly held by the parties and wife's family. HRLP was one of those jointly held business entities. Husband assisted wife's family in managing the timber property owned by those business entities by managing logging crews, obtaining permits, replanting logged areas, and servicing vehicles. Husband's stewardship of properties owned by those business entities—including HRLP—improved the production of trees and thereby contributed to the income and appreciation of those entities. Husband was usually compensated for his work for HRLP and the other business entities, although that compensation was not commensurate with the actual value of husband's work.

During the marriage, the parties generally commingled their finances and engaged in joint financial and retirement planning. Wife's HRLP income was commingled with the parties' income from other sources. The parties listed all of their assets in obtaining joint financing, including wife's interest in HRLP. The parties used their joint credit to obtain supplies for HRLP. Husband and wife shared ideas about the potential and actual deals of their various business entities, including HRLP, and wife frequently relied on husband's opinion in those discussions.

At trial, husband argued that he contributed to the appreciation of wife's interest in HRLP. The trial court made credibility findings that primarily addressed a different separately held asset belonging to wife. The court found that husband was credible in his testimony and that wife and wife's father were not credible witnesses in their description of husband's involvement in the management of that separately held asset, because they inaccurately minimized his contributions.[1] Nevertheless, the trial court ultimately concluded that wife had rebutted the presumption of equal contribution with respect to both the initial gift of the interest in HRLP and its appreciation in value during the marriage. Wife retained her entire interest in HRLP, which resulted in a property award with a discounted value of approximately $3 million.[2] Husband was awarded property valued at approximately $2 million and an equalizing judgment of $47,618.

In his fourth assignment of error, husband asserts that the trial court erred in its treatment of wife's interest in HRLP.[3] He contends that wife failed to rebut the presumption of equal contribution with respect to both the initial gift of the interest in HRLP and the appreciation of that interest. We reject without elaboration husband's argument relating to the initial gift from wife's parents, but, as explained below, we agree that he was entitled to share in the appreciation of wife's interest in HRLP.

■■ ORS 107.105(1)(f) requires that the division of marital property be "just and proper" under the circumstances. *Kunze and Kunze*, 337 Or 122, 135, 92 P3d 100 (2004). Marital assets are subject to a rebuttable presumption of equal

---

[1] To the extent that our analysis of the property division issue turns on whether husband or wife and her father provided an accurate description of husband's involvement in the management of wife's separately held assets, we defer to the trial court's demeanor-based finding that husband was the more credible witness on that issue. *See O'Donnell-Lamont and Lamont*, 337 Or 86, 89, 91 P3d 721 (2004), *cert den*, 543 US 1050 (2005) ("In our *de novo* review of the record, we give considerable weight to the findings of the trial judge who had the opportunity to observe the witnesses and their demeanor in evaluating the credibility of their testimony.").

[2] Some of the assets awarded to wife were discounted based on control and marketability issues that negatively affected their value.

[3] We reject husband's other assignments of error without discussion.

contribution and ownership, which applies to property acquired by a spouse by gift during the marriage. ORS 107.105(1)(f); *Pierson and Pierson*, 294 Or 117, 122-23, 653 P2d 1258 (1982). The appreciation in value of a separately held asset is a marital asset that is also subject to the rebuttable presumption of equal contribution. *Massee and Massee*, 328 Or 195, 207, 970 P2d 1203 (1999). A spouse rebuts the presumption of equal contribution with respect to the *appreciation* of a separately held asset if he or she proves that the other spouse did not contribute either directly or indirectly to its appreciation. *Olson and Olson*, 218 Or App 1, 8, 178 P3d 272 (2008); *see also Massee*, 328 Or at 207 ("Because the appreciation, during the marriage, of [the] husband's separately held assets is a marital asset, the rebuttable presumption of equal contribution in ORS 107.105(1)(f) applies.").

In *Olson*, the husband inherited property from his family during the marriage and that property appreciated in value. 218 Or App at 9-11. We first examined whether the husband rebutted the presumption of equal contribution with respect to the actual inheritance of the property before considering whether the wife was entitled to share in the appreciation of that asset. We concluded that the husband adequately proved that the wife did not influence the inheritance and "did not contribute equally to the original acquisition of the property." *Id.* at 10. We then analyzed the appreciation of the property after the husband inherited it and before the dissolution. We concluded that the husband failed to rebut the presumption of equal contribution as to the appreciation of the value of the property because the wife made uncompensated contributions to the family as a homemaker, she contributed her earned income to the family, and she made substantial contributions of labor to the property. *Id.* at 11.

■ Here, as in *Olson*, we are satisfied that wife rebutted the presumption of equal contribution as to the initial gift from her parents, but not as to its appreciation. In so concluding, we examine the totality of the circumstances, noting, in particular, that (1) husband assisted wife and her father in managing HRLP without being fully compensated for that work, (2) husband's stewardship of HRLP's timberland contributed to its increase in value, (3) the parties commingled

their finances throughout their long-term marriage, (4) wife integrated her interest in HRLP into the parties' joint finances, and (5) husband relied on wife's separately held assets in his financial planning. That is, while wife obtained her interest in HRLP in a manner that was unrelated to and unaffected by husband, he was involved in the management of and, therefore, the appreciation of, her interest in that entity. Moreover, the parties' commingling of their financial affairs—and husband's reasonable reliance on that commingling in his financial planning—militate in favor of husband sharing equally in the appreciation of wife's interest in HRLP. *See Kunze*, 337 Or at 141-42 (considering a spouse's degree of reliance on the disputed asset as a joint asset and the integration of that asset into the parties' joint finances in determining whether a separately held asset was intended to remain separately held).

In sum, we conclude that wife failed to rebut the presumption of equal contribution that applies to the appreciation of her interest in HRLP. The trial court erred in failing to give husband an equal share in the appreciation of wife's interest in HRLP, and that error resulted in a property division that was not just and proper under the circumstances. The discounted value of the appreciation of wife's interest in HRLP is $558,335. Because husband was entitled to share equally in that appreciation, his equalizing judgment should be increased by $279,167.50, from $47,618 to $326,785.50. Although a disparity remains in the overall property division, we conclude that the property division—as herein modified—is just and proper under the circumstances.

Dissolution judgment modified to award husband an equalizing judgment of $326,785.50; remanded for entry of property division consistent with this opinion; otherwise affirmed.