Argued April 22, affirmed as modified May 12, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

REYNOLDS, *Respondent, and*
REYNOLDS (No. 73-304E), *Appellant.*

534 P2d 1173

*Alan M. Lee,* Klamath Falls, argued the cause for appellant. With him on the brief were Smith & Lee, Klamath Falls.

*Enver Bozgoz,* Klamath Falls, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Husband appeals from some of the provisions of a marriage-dissolution decree relating to the distribution of property and requirements for him to pay future support for wife. Husband is 58 years of age and wife 48. The marriage duration was 26 years and there were no children. Husband and wife together had worked for many years building up, working for and managing Sparks Chemical Corporation of California. It is a closed corporation and no valuation was placed upon its stock. Husband "was Sparks Chemical" in the words of wife and from the

evidence we have no doubt that this is true. During its last fiscal year the corporation had a gross income of $80,000 and husband drew $400 monthly therefrom besides paying wife about $275 per month salary after deductions. It appears that husband has obtained reimbursement for a large part if not virtually all of his expenses from the corporation in connection with his work for it.

Husband and wife own 1,111½ shares of stock in Sparks Chemical. He was uncertain, but thought this is about 45 percent of the total stock. Wife thought they own the majority of the stock. Three other stockholders were named by the husband. It is agreed that it is a closed corporation. We conclude that the value of this stock cannot be ascertained from the record made in this case, and the record does not convince us one way or the other on whether they own the controlling stock in it. Regardless, at the commencement of the trial, the parties agreed that the stock in Sparks Chemical and in another corporation in which they own stock—Agency Investors, an Oregon corporation—should be divided evenly between the parties. The trial court honored this agreement in its decree and we do the same.

In addition to dividing the stock in the corporations, the court awarded to the wife a ranch in Klamath County worth about $30,000 and a lot in Klamath County worth with the buildings thereon about $10,000. A trailer home was located upon this property, and it serves as wife's home. She asked for it in her petition, but the court's decree appears to have overlooked it. It is worth about $7,500. She was awarded the furnishings therein. Bank accounts totaling about $22,500 were awarded wife and she was awarded $400 per month support. Husband was awarded between $11,000 and $12,000 in bank accounts, several automobiles and some miscellaneous stock, the value of which

does not appear in the record. He was as previously noted also awarded one-half of the shares the parties own in the two corporations.

Husband admitted to have been involved in "lending his credit" to help a young lady who has been his secretary in obtaining a relatively valuable home in southern California. Although he claimed this to be a philanthropic gesture, there is reason to doubt it and believe some concealment of assets may be involved.

■ Husband is the sole heir and executor under the will of his deceased mother. He had not commenced the probate of her estate at time of trial, although death had occurred six months earlier. The trial court undoubtedly took into consideration that the mother's estate is worth a minimum of some $27,500 to $30,000. This was "a proper element to be considered in the calculus of a property division 'just and proper in all the circumstances.' ORS 107.105." *Dietz and Dietz,* 271 Or 445, 448, 533 P2d 783 (1975).

■ Inasmuch as the land on which the apparently overlooked trailer house is situated was one of the parcels of property awarded to wife, it may be argued that the trailer house was intended by the trial court to go with it. The evidence was that it is registered to husband but he testified that it is in fact the property of Sparks Chemical. Nothing in the record tells us whether the trial court considered it property not subject to the court's decree. The evidence convinces us that husband can control the disposition of this asset. When the parties moved from California to Oregon several years ago, they disposed of their home there and the proceeds from it went into two bank accounts which were among those awarded to wife. We do not think that she should have the trailer house which represents their present home as well as all of the proceeds of their former home. Therefore, balanc-

ing these considerations, we modify the decree to provide that upon husband's tendering good legal title of the trailer house to wife, not later than 90 days after final decree herein, he shall be awarded $7,500 of the Equitable Savings and Loan account represented by the passbook marked Exhibit 5, and wife shall have the balance thereof, including any accumulated interest on the whole sum. If husband does not timely tender title, the savings account shall be entirely wife's.

■ Wife is nearly blind—she stated she has 10 to 15 percent vision. She is awarded a double deduction on account of blindness for income tax purposes and is considered legally blind from the standpoint of being eligible for books and other such articles which are furnished to the blind. Nevertheless, she is still able to function rather well and has been able to do typing and clerical office work at a slow pace for Sparks Chemical. Husband has been blind in one eye since childhood but apparently this has been no impediment to him. Taking into consideration the measuring devices applicable to such matters,[1] and anticipating that wife will no longer be receiving the $275 take-home salary from Sparks Chemical, we see no reason to change the support ordered by the court except in one contingency. This is that at such point as wife becomes eligible for and receives social security payments (she testified that she is now eligible on account of her disability) the monthly support payments shall be reduced by the monthly amount thereof. This proviso anticipates that she must in good faith apply for social security benefits.

---

[1] " '* * * The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. * * *' * * *" Ray v. Ray, 11 Or App 246, 250-51, 502 P2d 397 (1972).

■ Husband complains that certain jewelry and other articles of personal property were undisposed of in the court's decree. We think they were disposed of in that part of the decree which states "that each of the parties be and he or she is awarded his or her own personal effects, gifts, mementos and clothing * * *." Wife readily agreed to turn the articles claimed by the husband over to him and under this provision of the decree she should do so.

Affirmed as modified. Costs to neither party.