Argued and submitted October 12, 1987, affirmed as modified on appeal and affirmed on cross-appeal March 9, 1988

In the Matter of the Marriage of

HOWARD,
*Appellant-Cross-Respondent,*

*and*

HOWARD,
*Respondent-Cross-Appellant.*

(D8507-65448; CA A41837)

751 P2d 244

Elizabeth Welch, Portland, argued the cause for appellant - cross-respondent. With her on the brief was Welch and Koch, Portland.

Doreen Stamm Margolin, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals the division of property in a dissolution of a 26-year marriage.[1] We modify the judgment and affirm.

Husband's net pay is $1,595 per month, and wife's is $258 per month. In 1981, wife received an inheritance of $25,300; husband expects an inheritance of $102,576. The parties owned other assets valued at $58,577, roughly $46,000 of which was equity in their home. Husband also has rights in a pension which was not valued at trial. Wife has serious health problems which impair her ability to be employed; there was testimony at trial that her health would benefit from remaining in the family home.

The trial court found that the parties had successfully rebutted the presumption of equal contribution regarding the inheritances. ORS 107.105(1)(f). However, on the basis of *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982), the court considered the inheritances when it divided the marital assets. It awarded each party the inheritance, divided the pension in half and awarded $8,200 of other property to husband and $50,376 to wife, including the home. The court also awarded $750 per month in spousal support to wife.

The trial court stated:

"The unequal distribution of the marital property other than inheritances is to accomplish the objective of enabling the wife to have a fair proportion of the total assets of the parties and to enable her, together with spousal support, to be self sufficient after dissolution."

The trial court attempted to promote the economic self-sufficiency of the parties while separating their economic interests, given wife's health problems and the nature of the property. Although there may be other possible solutions, none is compelling enough to warrant our adopting it.

The trial court's resolution of the particular difficulties of this case was equitable. We modify only to award husband certain family heirlooms already in his possession.

---

[1] Wife has abandoned her cross-appeal.

Accordingly, we modify the judgment by amending paragraph 5 to add the following:

> "Petitioner is also awarded the china articles, the old encyclopedias, the National Geographic collection, the rosewood bookcase with the books from husband's grandmother, and the oak chiffarobe."

Affirmed as modified on appeal; affirmed on cross-appeal; costs to wife.[2]

---

[2] ORAP 11.05(4) provides that a party is a prevailing party on appeal only if the party "obtains a substantial modification" in the judgment appealed. *See* ORS 20.015. Husband did not obtain a substantial modification of the judgment. Even if husband were the prevailing party, the award of costs is discretionary. ORS 20.310(1); *see also* ORS 107.105(5) (dissolution statute provides no separate standards for the award of costs); ORS 107.135(6) (court has discretion to award attorney fees and costs in modification proceeding to either party unless one party acted in bad faith).