In the Matter of the Marriage of

## HOWARD,
*Respondent,*

*and*

## HOWARD,
*Appellant.*

(D 85-274; CA A46239)

758 P2d 416

Jay F. Sherrerd, Hood River, argued the cause for appellant. With him on the brief was Jerry J. Jaques, Hood River.

Wayne C. Annala, Hood River, argued the cause for respondent. With him on the brief was Annala, Carey, Hull & VanKoten, Hood River.

Before Warden, Presiding Judge, and Van Hoomissen, Judge, and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

## RIGGS, J., pro tempore

Husband appeals the property division portion of the dissolution judgment, contending that the trial court erred by not awarding him part of wife's inherited interest in a land sale contract.

This dissolution ends a 19-year marriage. Husband is 45 years old, has an eleventh grade education and has been employed at aluminum plants since 1975. He earned as much as $32,000 per year before he was laid off in January, 1987, because of a slow-down in the aluminum industry. In July, 1987, he was hired at another plant as a "spare," on a 90-day trial basis, earning $8.00 per hour.[1] He has some previous experience working on a cattle ranch for his father-in-law. Wife is 40 years old and has a high school diploma. She is a lift truck operator four months a year at a fruit company; she has 11 years seniority and earns $7.33 per hour.[2] In 1986, she earned $7,679. The trial court awarded custody of the parties' minor daughter to wife and of the minor son to husband. Wife was ordered to pay half the cost of beautician school for the parties' emancipated elder daughter, who resides with husband. Other than that, neither party was ordered to pay child or spousal support.

The court awarded husband the parties' marital home, several vehicles, a boat, three motorcycles, two horses and tack and miscellaneous household items, with a stipulated value of $94,650, 25 percent of the total marital assets. Wife was awarded her entire remaining interest in an inherited ranch sale contract valued at $240,000, plus $38,444 worth of other property, giving her a total award of $278,440, constituting 75 percent of the total marital assets.

■■ On appeal, husband contends that he should have been awarded a one-third interest in the ranch sale contract. Any property owned by either party is subject to division, even if the acquisition is by gift or inheritance. *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982). The division depends on

---

[1] The record is unclear whether the "spare" job ever became more permanent.

[2] Husband argues, and the record supports the conclusion, that wife could increase substantially the number of work hours and, thus, her income.

many factors, including the period of time since the inheritance and the extent to which it was commingled with the parties' other assets. Wife's interest in the ranch sale contract has been an integral part of the parties' finances since at least 1977, when she received a payment of $9,000. In the late 1970s, she received a payment of approximately $15,000. In 1982, she began receiving annual payments of roughly $37,000, in addition to a lump sum payment of $45,432 in 1982. Wife commingled husband's income with the inherited funds and the other monies in her bank accounts and generally managed the marital funds. Husband testified that, when he asked wife why she did not save any of their money, she replied, "We'll live off your money and we always got my money."

Considering the respective earning capacities of the parties, the length of the marriage and the role of the inheritance income in the parties' joint financial affairs, we conclude that the inherited contract is properly part of the property division equation. *See Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982). A just and proper division requires that husband be awarded a one-fourth interest in the ranch sale contract proceeds in addition to the property already awarded to him by the trial court.

Judgment modified to award husband one-fourth of all payments received by wife from the ranch sale contract proceeds after October 5, 1987; otherwise affirmed. Costs to husband.