In the Matter of the Marriage of

CLARK,
*Appellant,*
*and*

CLARK,
*Respondent.*

(87-3188; CA A46887)

765 P2d 1262

Robert P. Van Natta, St. Helens, argued the cause for appellant. With him on the brief was Van Natta & Petersen, St. Helens.

Andrew M. Rich, Hillsboro, argued the cause for respondent. With him on the brief was Huffman, Zenger & Rich, P.C., Hillsboro.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

### GRABER, J.

Wife appeals a dissolution judgment. She assigns as error that the trial court granted husband custody of their two minor children, awarded her no property other than that which she physically possessed at the time of trial, and denied her costs and attorney fees. On *de novo* review, we affirm.

The parties were married in April, 1980, and separated some time between May and September, 1984.[1] They have two minor children, ages six and eight. We affirm without discussion the trial court's custody decision.

The parties' major personal property is a mobile home, which they bought in January or February, 1984, with borrowed funds. At the time of trial, the debt owed on the home exceeded its worth.

Husband's father died intestate just after the parties married in 1980, but the estate was not distributed until March, 1984. Husband inherited approximately 11 acres of real property, with an estimated worth of about $17,900, and he receives payments from the estate of about $1,800 a year. The parties moved their mobile home onto the inherited real property shortly before their separation. Husband continues to reside there.

The trial court made this distribution of property, about which wife complains:

"9. The real property * * * is hereby awarded to [husband] free and clear of any interest of [wife].

"10. The mobile home located on the real property described in paragraph 9 is awarded to [husband] free and clear of any interest of [wife] and she is ordered to execute any appropriate document presented to her by [husband] or his counsel to transfer her interest as required by this paragraph.

"11. [Husband's] inheritance, as described in Washington County Circuit Court Case No. E-3798, is awarded to [husband] free and clear of any interest of [wife].

"12. All other items of personal property in the possession of [wife] are hereby awarded to her free and clear of any claim of [husband]. All other items of personal property in the

---

[1] Husband and wife gave different dates for the separation, but the date is immaterial to our decision.

possession of [husband] are awarded to him free and clear of any claim of [wife].

"13.   [Husband] shall assume and pay the parties' mobile home loan from Washington Federal Savings Bank and shall hold [wife] harmless. [Husband] shall also assume and pay all other obligations incurred in improving the real property described in paragraph 9."

Wife argues that an equal division of property is preferred and that, therefore, she should receive a part of the value of the property that the trial court awarded to husband.

■        The only valuable asset of these parties, and the only increase in their net marital property during the marriage, was husband's inheritance. Property inherited during a marriage generally is a marital asset, which is available for distribution by the court. *Pierson and Pierson,* 294 Or 117, 122, 653 P2d 1258 (1982). Even assuming that husband has not overcome the presumption of equal contribution, *see* ORS 107.105(1)(f) and *Hering and Hering,* 84 Or App 360, 363, 733 P2d 956, *rev den* 303 Or 534 (1987), we affirm the trial court's distribution of the property.

■ ■        We examine the judgment as a whole, rather than evaluating the property division and the provisions for support separately. *Sellers and Sellers,* 39 Or App 647, 650, 593 P2d 1191, *modified* 41 Or App 13 (1979). Here, the total net value of the marital property is small. Husband has custody of the minor children and must support them without any contribution from wife. The trial court took that fact into account in its opinion, noting that the inherited "sums should be carefully guarded for the rearing of the parties' children." The trial court did not err in dividing the assets.

Finally, we decline to modify the portion of the judgment that made each party responsible for its own attorney fees and costs. We find no abuse of discretion. *See Erpelding v. Erpelding,* 6 Or App 333, 487 P2d 1406 (1971).

Affirmed. No costs to either party.