Argued and submitted July 19, affirmed as modified September 6, 1989

In the Matter of the Marriage of

## WILLIAMS,
*Appellant,*

*and*

## WILLIAMS,
*Respondent.*

(88-4-69; CA A50351)

779 P2d 199

William E. Brickey, Judge pro tempore.

Dale R. Koch, Portland, argued the cause for appellant. With him on the brief was Robin E. Pope, Portland.

William E. Hensley, Oregon City, argued the cause for respondent. With him on the brief were Gevurtz, Menashe & Hergert, Oregon City.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

PER CURIAM

**PER CURIAM**

In this dissolution case, husband appeals, assigning error to the award of spousal support and attorney fees and to the duration and interest rate of a promissory note that the trial court ordered wife to execute. On *de novo* review, we affirm the award of spousal support and attorney fees and modify the provisions of the note.

In setting the duration of an obligation reflecting a property division, the court should seek to disentangle the parties' financial affairs as expeditiously as possible. *Slauson and Slauson,* 29 Or App 177, 183-84, 562 P2d 604 (1977). The trial court awarded husband a note payable in a lump sum on sale of the family home or at the end of ten years, whichever comes first.[1] The parties' youngest child will be 18 years of age within five years. The judgment is therefore modified so that the note will be due no later than the end of five years. Also, husband is correct that the obligation should accrue interest at the statutory rate of nine percent, rather than at five percent as ordered by the trial court. *See* ORS 82.101(2); *Nickerson and Nickerson,* 296 Or 516, 523-24, 678 P2d 730 (1984).

Judgment modified to reduce duration of note to five years and increase interest to nine percent; affirmed as modified. No costs to either party.

---

[1] Under the terms of the judgment, the note is to be secured by a trust deed or mortgage on the family home.