Argued and submitted May 18, 1992, affirmed February 17, 1993

In the Matter of the Marriage of

Susan A. BEKOOY,
*Respondent,*
*and*

Rodger G. BEKOOY,
*Appellant.*

(D9004-62827; CA A71332)

846 P2d 1183

Dale R. Koch, Portland, argued the cause for appellant. With him on the brief were Sharon A. Williams and Sorensen-Jolink, Trubo, Koch and McIlhenny, Portland.

Jody L. Stahancyk, Portland, argued the cause for respondent. With her on the brief were Daniel B. Peters and Stahancyk & Associates, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

### DEITS, J.

Husband appeals from a dissolution judgment, claiming that the trial court erred in including in the marital estate an inheritance that he received after the parties had separated. On *de novo* review, we affirm.

The parties had been married 25 years when wife filed a petition for dissolution on April 10, 1990. They did not separate until early December 1990. They have three grown children. Wife is employed as a secretary and earns approximately $27,000 a year. There is some uncertainty as to whether her present employment will continue. Husband is a consulting engineer and earns approximately $100,000 per year, plus bonuses. The trial court awarded wife spousal support of $1,000 per month for five years and $500 per month thereafter. The parties were awarded approximately $230,600 each in assets. In dividing the assets, the trial court included husband's share of his mother's estate, which is stipulated to be worth $173,000. His mother died on December 27, 1990, after the parties had separated, but approximately five months before the dissolution trial. Her will left her estate to her three children, including husband. At the time of trial, husband had received some incidental amounts from the sale of personal property from the estate.

Husband assigns error to the trial court's inclusion of the inheritance from his mother in the distribution of marital property. He argues that the inheritance should be excluded from the marital estate, because it was still in probate and "was not 'acquired' at the time of the dissolution."

■ ■ Assets acquired during a marriage are "marital assets," subject to disposition by the court upon dissolution. ORS 107.105(1)(f). However, that is not the exclusive category of property subject to distribution by the court in a dissolution proceeding. The court may also consider "the real and personal property, or both, of either or both of the parties." ORS 107.105(1)(f); *Stice and Stice*, 308 Or 316, 779 P2d 1020 (1989). Marital assets are subject to a statutory presumption of equal contribution, unless overcome by a showing that the other spouse did not contribute, either directly or indirectly, to their acquisition. Marital property is

subject to the requirement that disposition be "just and proper in all the circumstances." ORS 107.105(1)(f); *Seefeld and Seefeld*, 294 Or 345, 349, 657 P2d 201 (1982).

In *Pierson and Pierson*, 294 Or 117, 121, 653 P2d 1258 (1982), the court discussed the two categories of property in a dissolution proceeding:

> "The first term [marital property] appears in the first sentence and describes the entire class of property within the dispositional authority of the court in a dissolution case: 'the real or personal property, or both, of either or both of the parties.' * * *
>
> "The other term, 'marital assets,' appears later in the statute. It is not further defined, but the reference to 'acquisition of property during the marriage' indicates that it includes neither assets brought into the marriage by either spouse nor assets acquired by them after dissolution. The term 'real or personal property, or both, of either or both of the parties' in the first sentence describes a larger class of property than the term 'marital assets' because it can include property owned prior to the marriage. The upshot is that property may be subject to the authority of the court to divide property, yet not be a marital asset."

■ Wife argues that the inheritance from husband's mother is a marital asset, because husband acquired it during their separation and before the dissolution judgment. She recognizes that husband had not actually received the inheritance at the time of the separation, but contends that it should be treated as if he had because his entitlement to it was clear and because he had received a small amount from the sale of personal property in the estate. Wife relies on ORS 118.010, under which a taxable transfer occurs when a person becomes "beneficially entitled, in possession or expectation, to any property or interest therein or income thereof," and ORS 118.220, under which taxes accrue "upon the death of the decedent." She argues, "An inheritance that is capable of valuation, distribution and taxation should be considered an asset for purposes of property division by the court."

■ Wife is correct that husband's entitlement to the inheritance was clear at the time of the dissolution. Regardless, husband did not receive his inheritance before the dissolution. ORS 107.105(1)(f) provides that a marital asset is

property acquired during the marriage and, technically, this inheritance was not acquired during the marriage. Accordingly, we conclude that it was not a marital asset. However, that does not mean that the inheritance was exempt from consideration by the court. The inheritance here was sufficiently vested to be considered marital property subject to the court's dispositional authority in a dissolution proceeding. ORS 107.105(1)(f). As the court discussed in *Seefeld and Seefeld, supra,* property need not be acquired during the marriage to be considered marital property. In that case, the property was acquired by one party before the marriage. Similarly, property received after a dissolution, to which a party's entitlement is clear before the dissolution, may be subject to disposition by the court under appropriate circumstances. In this case, husband's entitlement to the inheritance was not in doubt and the parties stipulated to its value. *See Howard and Howard,* 90 Or App 139, 751 P2d 244 (1988).[1]

■ The question here is whether it is "just and proper *in all the circumstances*" to award wife a portion of husband's inheritance and, if so, in what amount. This is a marriage of 25 years in which the parties each made significant contributions, both economic and non-economic. Wife's primary role was as the homemaker. She maintained the family home and kept an overall close relationship with husband's mother. Significantly, wife also received a number of substantial gifts from her parents during the marriage. This included $83,000 from the sale of an apartment, as well as numerous stocks and bonds. The total amount received by the parties from wife's parents during the marriage was approximately $150,000. Those funds were used for family expenses and for financing the children's college education. Based on the above considerations, we conclude that granting wife one-half of the value of the inheritance was just and proper in all of the circumstances.

Affirmed. Costs, not including attorney fees, to wife.

---

[1] *Kopplin and Kopplin,* 74 Or App 368, 703 P2d 251, *rev den* 300 Or 162 (1965), involved a similar fact situation. The husband was entitled to, but had not received, an inheritance at the time of dissolution. The parties stipulated as to the value that he would receive. However, the only issue considered there was whether the inheritance was a marital asset. We did not consider whether, even if it was not a marital asset, it was marital property subject to distribution by the court in a manner that would be just and equitable under all of the circumstances.