Argued and submitted November 18, 1992, judgment modified in part; affirmed as modified July 14, appellant's petition for reconsideration filed August 10, allowed by opinion November 17, 1993
See 124 Or App 581 (1993)

In the Matter of the Marriage of

## James A. TAYLOR,
*Appellant,*

*and*

## Manuela Diana TAYLOR,
*Respondent.*

## (C90-2246DR; CA A75155)

856 P2d 325

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief were Lawrence D. Gorin and Keller, Gottlieb & Gorin, Portland.

Barbara P. McFarland, Beaverton, argued the cause for respondent. With her on the brief was Mason, Rowlette, McFarland & Westendorf, Beaverton.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Husband appeals from a dissolution judgment. He contends that the court erred by including his trust interests and inheritances in the marital estate and that the court committed various errors in dividing the marital estate. We review *de novo* and modify the judgment. ORS 19.125(3); *Bekooy and Bekooy*, 118 Or App 227, 229, 846 P2d 1183 (1993).

Husband and wife were married in 1972. Both have master's degrees and are in good health. Although each of their incomes is below $20,000 per year, they enjoyed a relatively opulent lifestyle. Husband's family is wealthy and his parents were generous with monetary gifts to the couple during the marriage. The parties separated in August, 1990, and husband filed for dissolution on October 23, 1990.

Husband's grandmother, Edith Davis, created a trust in 1957. The trust named husband's mother, Edith Taylor, as a beneficiary. Edith Taylor died in February, 1991. On May 22, 1991, husband learned that he had an interest in the remainder of the Edith Davis trust, and he received a $126,492.70 distribution on August 6, 1991.

In 1982, husband's father, James Taylor, Sr., created a trust for the benefit of himself, husband's mother and their four children. When husband's father died in 1986, the James Taylor trust created a marital trust to benefit husband's mother and a family trust to benefit the mother and the four children. When husband's mother died in 1991, the remainder of those trusts merged and the James Taylor trust created four resulting trusts—one each for the benefit of husband and his siblings.[1]

---

[1] Wife called a tax attorney as an expert on trusts. He testified that husband is a contingent beneficiary of the James Taylor trust. However, husband is entitled to income distributions from that trust during his lifetime, and the trustee has discretion to make distributions to him from the principal. Even if husband's interest is not vested, it is valuable, alienable property subject to distribution in a dissolution judgment. *Bentson and Bentson*, 61 Or App 282, 656 P2d 395, *rev den* 294 Or 613 (1983); *Walker and Walker*, 27 Or App 693, 557 P2d 36 (1976), *rev den* (1977).

The James Taylor trust does not have a spendthrift provision. The tax attorney testified that the absence of a spendthrift provision in the James Taylor trust means that,

Edith Taylor executed a will on January 15, 1988. The will included bequests to the spouses of each of her children, and devised the residue of her estate to the Edith Taylor trust. On November 23, 1990, Edith Taylor signed a codicil to her will. The codicil named the spouses of some of her children as beneficiaries, but it did not include any bequest to wife.

The court valued husband's inheritances and trust interests at $1,305,000, and it awarded judgment to wife in the amount of $435,000. In his first assignment of error, husband contends that wife is not entitled to share in his inheritances and trust interests, because his interests came into being after the parties had separated, wife did not contribute to the acquisition of those interests and wife was not the object of the donors' intent. Wife contends that she is entitled to share in husband's inheritances and trust interests, because the parties relied on gifts from husband's family to support their lifestyle, they commingled her income with gift money from husband's family and husband assured her that they did not need to save for their retirement because, "We'll always have my parents' inheritance."

ORS 107.105(1) provides, in part:

"Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"* * * * *

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

---

"[if respondent obtains a judgment against petitioner, then] the trustee who has discretion to either make or withhold distributions to [petitioner] under this trust, if that trustee decided to make a distribution that trustee would be obligated to honor and abide by the terms of the judgment distributing those funds instead to [respondent]."

He did not indicate whether he believed that respondent would be able to execute against the James Taylor trust. Wife has not cross-appealed the method that the court used to divide the property.

Property that is acquired by gift or inheritance during a marriage is a "marital asset." *Pierson and Pierson*, 294 Or 117, 122, 653 P2d 1258 (1982). Moreover, any property that is owned by *either* party may be subject to division under a dissolution judgment. *Howard and Howard*, 92 Or App 347, 349, 758 P2d 416, *rev den* 307 Or 101 (1988).

■ We agree with husband that the presumption of equal contribution has been rebutted, because the record does not indicate that wife contributed in any way to the acquisition of husband's inheritances. *Pierson and Pierson, supra*, 294 Or at 123. However, a property disposition contemplates social and financial concerns centering on the requirement that the disposition be "just and proper" under the circumstances. Thus, an inheritance may be subject to an interest of the non-inheriting party. 294 Or at 123-25.

■ We were faced with a similar set of circumstances in *Howard and Howard, supra.* In that case, the husband and wife were married for 19 years. The wife had inherited a valuable interest in a land sale contract, which constituted 75% of their marital assets. The wife managed the couple's finances. When the husband asked why she did not save money from their earnings, she told him, "We'll live off your money and we always got my money." We concluded:

> "Considering the respective earning capacities of the parties, the length of the marriage and the role of the inheritance income in the parties' joint financial affairs, we conclude that the inherited contract is properly [subject to a] just and proper division * * *." 92 Or App at 350.

■ We note a potentially significant difference between the facts of this case and *Howard*. In that case, the parties had been relying on regular income from the inheritance for several years before the dissolution. In this case, the parties relied on gifts from husband's family. Husband's interests in the various trusts did not become possessory until shortly before the dissolution. However, the fact that husband's interests became possessory after he initiated dissolution proceedings is not dispositive. *See Reynolds and Reynolds*, 21 Or App 373, 534 P2d 1173 (1975).

We are persuaded that the similarities between this case and *Howard* outweigh the difference in timing. Both were long-term marriages. In both cases, the income potential of the inheriting spouse, in the light of the inheritances, vastly outdistances that of the non-inheriting spouse. In both cases, the non-inheriting spouse expressed concern that the parties should save for retirement, but the inheriting spouse gave assurances that the anticipated inheritances made that unnecessary. In both cases, the non-inheriting spouse relied on those assurances. In this case, wife's reliance was reasonable in the light of the frequent and generous monetary gifts that husband's family bestowed on them during their marriage.

■ Under the circumstances, it is proper and just to award wife a share of husband's inheritances and trust interests. However, fairness does not require that wife share in all of them. Husband did not learn about his interest under the Edith Davis trust until May 22, 1991. The parties had already been separated for more than half a year at that time, and husband had already filed for dissolution. Wife did not know of, and could not have relied upon, husband's anticipated interest in that trust. It would not be just and proper to require husband to share the $126,492 distribution that he received on August 6, 1991.

■ The trial court correctly concluded that wife is entitled to share in husband's inheritance and trust interests. In the light of the length of the marriage, we agree with the court's conclusion that a one-third share is proper and just. The court estimated the aggregate value of husband's inheritance and trust assets to be $1,305,000. Nothing in the court's memorandum opinion indicates that the court excluded any of those assets from its estimate. However, we are unable to determine how the court arrived at the $1,305,000 figure, because the court did not itemize the values of husband's inheritance and trust assets.

Wife called a certified public accountant as an expert witness. The accountant provided the most comprehensive information about the value of husband's inheritances, and we find his summary to be reliable. He gave the following figures:

| Source | Value |
|---|---|
| Florida Real Estate | $ 69,750 |
| Edith Davis Trust | $ 126,492 |
| Edith Taylor Trust | $ 508,506 |
| James Taylor Trust | $ 849,841 |
| Total | $1,554,589 |

We find that the total value of husband's inheritance and trust assets is $1,554,589. Because we conclude, on *de novo* review, that wife is not entitled to share the Edith Davis trust, she is entitled to one-third of $1,428,097, or $476,032.33. We modify the judgment accordingly.

■     In his second assignment of error, husband contends that the trial court made several mistakes in dividing the marital assets. Only one of those purported mistakes merits discussion. Husband contends that the trial court listed a $20,000 debt that husband owed to wife, when the actual amount of the debt was only $7,300. Wife testified that she had loaned husband $20,000, and he had promised to put a note to her for that amount in their safe deposit box. During the dissolution proceedings, she discovered that he had put a note in the safe deposit box, but the note was only for $7,300.

■     The trial court listed among wife's assets, "Note to wife, $20,000." By itself, that entry in the table of assets could be construed in two ways. The court could have been mistaken about the amount of the note, or it may have found that the debt was actually $20,000, despite the fact that the note was made out for only $7,300. In its opinion, the trial court wrote:

> "In what seemed at first like a show of honesty and candor, Mr. Taylor presented to the court a $7,300 note payable to his wife. In response, Mrs. Taylor said she actually gave him $20,000 and he was to put a note for that amount into the safe deposit box. She said she knew she ought not rely on him to do this accurately but she loved him, wanted him and trusted him. Now that she sees a $7,300 note in place of what should have been one for $20,000, she testifies she was stupid to believe in Mr. Taylor."

The trial court was clearly aware of the discrepancy between the note and the amount that wife claims she loaned husband. The court's reference to "what seemed at first like a show of

honesty and candor" shows that the court implicitly found that wife's testimony on this issue was more credible than husband's. We defer to the trial court's findings on credibility, because the court had the opportunity to observe the witnesses, and we do not. *Knoll and Knoll*, 65 Or App 484, 486, 671 P2d 718 (1983). The court's reference to "what should have been one for $20,000" shows that it found the amount of the loan to be $20,000. We adopt that finding. The trial court did not err by listing the debt as that amount.

Judgment modified to increase money judgment awarded to wife to $476,032.33; affirmed as modified. No costs to either party.