Argued and submitted October 21, 1992, remanded in part with instructions; otherwise affirmed July 28, 1993

In the Matter of the Marriage of

Darleen K. BUSHELL,
*Respondent,*

*and*

R. Ross BUSHELL,
*Appellant.*

(90-0708; CA A72227)

857 P2d 174

Kathryn S. Augustson, Portland, argued the cause for appellant. With her on the brief was Johnston & Augustson, P.C., Portland.

Jad Lemhouse, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

Durham, J., concurring.

## DEITS, J.

In this appeal from a dissolution judgment, husband contends that the trial court erred in its awards of custody, spousal support and child support and in its division of the marital property. We agree with the trial court's disposition of custody, spousal support and child support and affirm those portions of the dissolution judgment without discussion. We address only that portion of the judgment concerning the distribution of the marital property.

The parties were married for 23 years and have six children. At the time of trial, four of the children were minors. Husband is 45, and wife is 43. Husband was employed by engineering firms during most of the marriage. At the time of trial, he was earning a gross income of approximately $4,600 per month in salary and per diem. At a rehearing after trial, the court found that husband had lost his per diem pay, but had increased his base salary and obtained a health and pension plan. The court found husband's income to be $3,293 per month. Wife was principally a homemaker throughout the marriage. She has worked as a part-time instructor in her church and has done occasional baby sitting, but otherwise has had minimal job training and experience. The court found her gross income to be $823 per month at the time of trial. However, at the time of trial, she was attending school to obtain a teaching degree which she anticipates obtaining in June, 1996. As an entry-level teacher in the district where she now lives, she would earn approximately $20,000.

The trial court awarded wife $600 per month in indefinite spousal support and $805 per month in child support. The court also awarded wife the marital residence, which was free and clear of all encumbrances and valued at $42,430. The court subtracted $850 in delinquent taxes from wife's share of the value. It then awarded husband a mortgage on the house in the amount of $10,608, which represents a one-fourth share in the house. The mortgage paid by wife was to be at nine percent per annum in payments of $104.44 per month for 16 years. The judgment allows the amount of the mortgage payment to be deducted from husband's spousal support payment. Husband was awarded an insurance policy, which the court valued at $600, another policy which the court said "may or may not exist," to which the court

assigned no value, and personal property valued at $2,387. Wife was awarded $6,660 in personal property and given credit for $474 in marital debt that she assumed. The trial court's property award resulted in wife receiving $11,781 more in property than husband. The trial court declined to give husband an equalizing award, however, because it concluded that it would not be equitable to do so considering other circumstances. The other circumstances included the fact that the parties had received substantial funds from their parents during the marriage and husband would receive a number of antiques from his mother at the time of her death and that he had in his possession at the time of trial.

Husband argues that the trial court should have awarded him an equalizing judgment and that the amount due to him should be paid in five to nine years. Wife contends that the trial court was correct in not awarding an equalizing judgment. She argues that husband had already been given his mother's antiques and that the trial court erred in not considering that property as marital assets. She also asserts that one insurance policy awarded to husband had a greater value than the $600 value given to it by the trial court. Wife contends that, when this additional property is considered, husband should not have been given a mortgage against the house.

■ With respect to the antiques, the trial court made the following findings:

"C) At issue are some antique furnishings including a piano, dishes, quilts, and bedroom furniture which Wife asserts is [sic] worth about $30,000 which she claims has [sic] been given to Husband. He denies the property is his, and testifies the value is not greater that [sic] $17,000, which upon his mother's death must be shared with his sister. The Court finds that the antiques have been utilized by the couple, that Husband has a power of attorney to dispose of his mother's property (she is in ill health and in a nursing home) and that the mother has been generous to her son in the past. But this Court concludes that the property has not been gifted to Husband and it cannot be counted as marital."

We agree with the trial court that, even though the parties had full use of this property, ownership had not been transferred. Husband testified that his mother had not yet

given it to him and that his sister might be given part of it. At the time of trial, husband's mother's will continued to devise the antiques to husband. Because that property was not acquired during the marriage, it was not a marital asset. Further, despite the fact that husband's mother was quite old and in a nursing home, it is too speculative to include antiques as marital property subject to the court's dispositional authority. This case differs from *Bekooy and Bekooy*, 118 Or App 227, 846 P2d 1183 (1993), in which one of the parties' parents died and the property to be inherited and its value were clearly established before the dissolution occurred. In *Bekooy*, the only thing that had not occurred was actual receipt of the inherited property. Here, although husband has possession of the property, there is uncertainty as to whether and when he might acquire ownership, and its value is disputed. The trial court did not err in not considering the antiques as marital property.

■ With respect to the value of the insurance policy awarded to husband, we agree with the trial court's valuation of that property at $600. Husband testified that he called the insurance company and was told that its cash surrender value was $600. The only evidence to the contrary was wife's opinion that the policy had a greater value.

■ ■ After our disposition of these issues, the property division still results in wife receiving $11,781 more in assets than husband. The trial court concluded that an equalizing judgment should not be awarded because it found "the distribution equitable in view of other circumstances." ORS 107.105(1)(f) provides that marital property is to be distributed in a manner that is "just and proper in all the circumstances." *See Stice and Stice*, 308 Or 316, 328, 779 P2d 1020 (1989). Accordingly, courts may consider special circumstances that might dictate unequal division of the parties' property. In *Richardson and Richardson*, 307 Or 370, 380, 769 P2d 179 (1989), the court explained that there are social objectives, as well as financial ones, that may justify an unequal division of property

"to the extent required for the accomplishment of the other purposes of the decree, whether that be to preserve assets, to enable a party to pay support, or, as here, to enable both parties to begin post-marital life with a degree of economic

self-sufficiency, or to satisfy other subsections of ORS 107.105.''

Here, husband's ability to achieve economic self-sufficiency in post-marital life is substantially better than wife's. His earning power is significantly greater, and he leaves the marriage with no indebtedness. Wife, on the other hand, has yet to attain any significant earning power. Even assuming that she obtains her teaching certificate, her earning power will be far less than husband's. In addition, wife has been awarded custody of the couple's four minor children, as well as the family residence. Although she will receive both spousal and child support, she now must independently maintain the home as a residence for the four children and assume the financial responsibilities associated with maintaining a home. She received no other assets in the property division. *See Clark and Clark*, 94 Or App 550, 765 P2d 1262 (1988). In view of this and her limited earning capacity, requiring wife to pay an equalizing judgment to husband would make it difficult, if not impossible, for her to retain the family home. We conclude that, under these circumstances, an unequal division of property is proper and an equalizing judgment should not be awarded to husband.

■■■ Finally, husband contends that the $10,600 mortgage awarded to him extends over too long a period of time and should not have been offset against spousal support. We agree that the monthly payment on the mortgage should not be offset against spousal support, because spousal support could be terminated or modified in the future. *Prescott and Prescott*, 107 Or App 14, 17, 810 P2d 861 (1991). We also agree that extending the mortgage payments for 16 years is too long. To the extent possible, the financial affairs of parties to a dissolution should be disentangled as expeditiously as possible. *Williams and Williams*, 98 Or App 360, 361, 779 P2d 199 (1989). Wife should pay the $10,608 mortgage over a period of nine years, at nine percent per annum, with monthly payments of $143.66.

Remanded with instructions to modify mortgage to reduce term of payment to nine years, with monthly payments of $143.66, not to be offset against spousal support; otherwise affirmed; no costs to either party.

**DURHAM, J.,** concurring.

I concur in the majority's result. I write separately to express my disagreement with the majority's use of the term "marital property."

As the Supreme Court observed in *Stice and Stice*, 308 Or 316, 324, 779 P2d 1020 (1989):

"ORS 107.105(1)(f) contains two terms that describe classes of property. The first term, 'the real or personal property, or both, of either or both of the parties,' describes the entire class of property within the dispositional authority of the court in a dissolution case. *See Pierson and Pierson*, 294 Or 117, 121, 653 P2d 1258 (1982). * * * The term 'real or personal property, or both, of either or both of the parties' describes a larger class of property than the term 'marital assets' *infra* because it includes property owned prior to the marriage. *Pierson and Pierson, supra*, 294 Or at 122. Property may be subject to the dispositional authority of the court, yet not be a marital asset. *Pierson and Pierson, supra*, 294 Or at 122.

"The second term, 'marital assets,' describes any real or personal property, or both, acquired by either of the spouses, or both, during the marriage. *Pierson and Pierson, supra*, 294 Or at 121-22; *Engle and Engle, supra*, 293 Or at 213-15. * * *

"Marital assets are subject to the statutory rebuttable presumption of equality of contribution and to the ownership provisions of ORS 107.105(1)(f). * * *

"Whether or not the statutory presumption of equality of contribution has been rebutted, ORS 107.105(1)(f) ultimately authorizes and requires courts to distribute any and all of the spouses' property, including separate property, 'as may be just and proper in all the circumstances.' " (Citations omitted.)

*Stice* used the term "marital property" interchangeably with the statutory name for the *second* category of property, "marital assets." The court said:

"The only issue in this dissolution of marriage case concerns the distribution of 1,567 shares of corporate stock acquired by wife during the marriage through monthly deductions from her salary." 308 Or at 318. (Footnote omitted.)

After discussing ORS 107.105(1)(f), the court said:

> *"The trial court correctly found that the disputed stock was marital property.* We proceed to consider whether wife rebutted the presumption of equal contribution by husband. We conclude that she did not." 308 Or at 328. (Emphasis supplied.)

In other words, the court classified the stock as "marital assets" and used the term "marital property" as a synonym for "marital assets."

The majority uses the term "marital property" to describe the *first* category of property discussed in *Stice.* That usage conflicts with *Stice* and creates needless confusion about the meaning of "marital property" and "marital assets." Nothing in ORS 107.105(1)(f) or any relevant case supports that mistaken usage.[1] The majority cites no case authority for that usage.

Moreover, the phrase "marital property" is a misnomer in the sense that the majority uses it. The first category of property discussed in *Stice* includes "property owned prior to the marriage." *Stice and Stice, supra,* 308 Or at 325. That is *separate* property even though, under the statute, it is within the court's dispositional authority. I would not use a term like "marital property" as shorthand for a class of property that includes the parties' separate property, because that usage will almost inevitably lead to confusion. That risk is pronounced here because, as the Supreme Court noted in *Stice,* the fourth sentence in ORS 107.105(1)(f) uses the term "property" to refer to "marital assets."[2]

The Supreme Court has endeavored to eliminate misnomers from its opinions. *See Richardson and Richardson,* 307 Or 370, 375 n 3, 769 P2d 179 (1989) ("As we have

---

[1] The mistaken usage occurred in one other case, *Bekooy and Bekooy,* 118 Or App 227, 229, 846 P2d 1183 (1993). *Bekooy* cited *Pierson and Pierson, supra,* 294 Or at 121, as authority for that usage, but *Pierson* used the precise terms of *former* ORS 107.105(1)(e) ("the real or personal property, or both, of either or both of the parties"), not "marital property."

[2]

"As respects property acquired during the marriage with money earned by a working spouse, the legislative history indicates that the meaning of the term 'marital assets' contained in the third sentence of ORS 107.105(1)(f), and the meaning of the term 'property,' contained in the fourth sentence, are identical. *See Engle and Engle, supra,* 293 Or 207, 214-15, 646 P2d 20 (1982)." *Stice and Stice, supra,* 308 Or at 325 n 2.

explained on several occasions, 'permanent spousal support' is something of a misnomer"). So should we. Careful and accurate use of legal terms is critical; as the English philosopher Herbert Spencer observed, "How often misused words generate misleading thoughts." Spencer, *Principles of Ethics*, bk I, pt ii, ch 8, 152 (1892). The majority's misuse of the term "marital property" ignores *Stice and Stice*, contradicts the applicable statute and is bound to mislead judges and attorneys who rely on this court to express opinions in accurate, understandable terms.