Argued and submitted July 11, 1996, affirmed on appeal and cross-appeal
March 26, 1997

In the Matter of the Marriage of

Diane J. JONES,
*Respondent - Cross-Appellant,*
*and*

Larry K. JONES,
*Appellant - Cross-Respondent.*

(93-1714; CA A88496)

936 P2d 372

Dennis V. Messoline argued the cause and filed the briefs for appellant - cross-respondent.

Stephen R. Ensor argued the cause for respondent - cross-appellant. With him on the brief was Ringo, Stuber, Ensor & Hadlock, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals a dissolution judgment awarding wife half the equity in the family residence, half the value of husband's retirement account and ordering husband to pay spousal support. Husband argues that we should award wife the residence, award him the retirement account and eliminate spousal support. Wife cross-appeals, arguing that the trial court erred in awarding husband any interest in the family residence, because she was awarded the residence in an earlier separation judgment. We affirm on the appeal and on the cross-appeal.

Husband and wife married in 1964. In 1988, they separated and wife petitioned for a separation judgment, requesting that, among other things, she be awarded the family residence and a portion of husband's retirement account. Husband did not appear, and the trial court entered a judgment of unlimited separation awarding wife the family residence and a portion of the retirement account.

Soon after the separation, husband moved back into the family residence and lived with wife for the next several years. Wife filed a dissolution petition in 1993. At trial, wife asked the court to preserve the disposition reflected in the separation judgment and asked for spousal support. Husband opposed the request for spousal support and asked the court simply to divide the property—including the house and the retirement account—equally between the parties. The court awarded the parties each a one-half interest in the residence. It similarly awarded each a one-half interest in the retirement account. Finally, it awarded wife $500 per month indefinite spousal support.

■ On appeal, husband argues that the trial court's disposition of the property leaves the parties too entangled. He contends that the trial court should have awarded wife the house and him the retirement account and not required him to pay spousal support. We note that, at trial, husband made no such argument; instead he asked the trial court to divide the equity of the house and the retirement account, and the trial court did that. In any event, on *de novo* review we find no good reason to disturb the trial court's decision.

■    On cross-appeal, wife argues that the trial court lacked authority to award husband a one-half interest in the residence, because the separation judgment already had awarded her the residence outright. According to wife, the trial court's award of a one-half interest in the residence violates ORS 107.465, which she contends prohibits courts from setting aside, altering or modifying any part of a judgment of separation that has vested.

We do not agree with wife's contentions. Even assuming, for the sake of argument, that her rights in the house vested by virtue of the separation judgment, it does not necessarily follow that the trial court was without authority to dispose of the property as it did in the dissolution. ORS 107.465(1) provides:

> "The court has the power within two years after the entry of a decree of separation, upon motion of a party and after service of notice to the other party in the manner provided by law for service of summons, to allow supplemental proceedings for dissolution of the marriage; provided that any supplemental decree shall not set aside, alter or modify any part of the decree of separation which has created or granted rights which have vested."

By its terms, the statute only applies to judgments entered upon a motion for supplemental proceedings within two years of the entry of a separation judgment. In this case, the parties made no such motion; wife filed a petition for dissolution five years after the entry of the separation judgment. As to the disposition of property in a proceeding other than the "supplemental proceeding" mentioned in ORS 107.465(1), the separation statute specifically provides, in part:

> "The provisions of law pertaining to separation are not intended to and shall not repeal or affect any existing law pertaining to the granting of a decree of dissolution of marriage."

ORS 107.455. Among the existing law that was not changed by the enactment of the separation statutes is ORS 107.105(1)(f), which authorizes the dissolution court to dispose of

"the real or personal property, or both, *of either or both of the parties* as may be just and proper in all the circumstances."

(Emphasis supplied.) In *Stice and Stice*, 308 Or 316, 779 P2d 1020 (1989), the Supreme Court explained that the statutory reference to marital "property" in this section refers to "the entire class of property within the dispositional authority of the court in a dissolution case," and is not limited to the "marital assets" acquired by the parties during the course of a marriage. *Id.* at 324-25.

Our application of those principles in *Bekooy and Bekooy*, 118 Or App 227, 846 P2d 1183 (1993), is instructive. In that case, we found that the husband had acquired an inheritance after he had separated from the wife and that, as a result, the inheritance was not a marital asset. We held that, nevertheless, the inheritance was "property * * * of either or both of the parties," under ORS 107.105(1)(f) and was therefore subject to the dispositional authority of the court. We then concluded that, under the circumstances of that case, it was just and proper to award the wife a portion of the inheritance. *Id.* at 231.

Thus, in this case, even if wife's interest in the residence vested before the dissolution, the property remained "property * * * of either or both of the parties" within the meaning of ORS 107.105(1)(f) and remained within the dispositional authority of the court. Such property may be disposed of in a manner that is "just and proper in all the circumstances." ORS 107.105(1)(f). On *de novo* review of all the circumstances of this case, we conclude that the trial court's disposition of the property in this case is just and proper.

Affirmed on appeal and cross-appeal. No costs to either party.